(Decided January 24th 1860.)

---

## The Mayor & City Council of Baltimore vs. Robt. H. Pendleton and Wm. Harlan.

The corporation of the city of Baltimore having, by its charter, power "to *prevent nuisances*," is liable in damages to the owner of a horse for an injury done the horse, occasioned by the digging of a trench or hole in a street of the city, into which the horse fell, the driver having used reasonable and proper care and diligence to avoid the danger.

The facts that the trench was dug by the owner of a house fronting on the street, for the purpose of conducting water to his premises from the water pipes of the city, and that by the city ordinances on the subject, the necessary excavation, filling up and paving was to be done by such owner, do not relieve the corporation from the obligation, under its charter, to keep the public highways free from nuisances and in a condition to be safely travelled.

Appeal from the Court of Common Pleas.

This action was brought in May 1856, by the appellees against the appellants, to recover damages for an injury done to the plaintiffs' horse, occasioned by the digging of a trench in Garden street, in the city of Baltimore, into which the horse fell, and was thereby so crippled as to become worthless. Plea, *not guilty*.

*Exception.* The facts of the case as disclosed by the evidence are fully stated in the opinion of this court. The defendants asked two instructions to the jury.

1st. If, from the evidence in the cause, the jury find the said ditch or trench was not dug by the defendants, or any one employed by them, though they find it was dug by some one, but that the digging thereof and its condition as described by the witnesses, was the work of some private individual, by himself or his agents, or servants, with the view and as the means of connecting his private pipes with the main water pipe of the city in Garden street, then the plaintiffs are not entitled to recover of the defendants in this action.

2nd. If the jury find from the evidence in this cause that the horse of the plaintiffs was injured as stated by the witnesses, yet if they further find from the evidence that such injury was more owing to the negligence of the plaintiffs, or their servants, than to the defendants, if they should find negligence in the defendants then the plaintiffs are not entitled to recover.

These prayers the court (MARSHALL, J.) refused, and instructed the jury, that if they find from the evidence in the cause, that the horse of the plaintiffs, spoken of in the evidence, was injured by falling into a ditch or hole dug in a public street or highway, in the city of Baltimore, in the manner set forth in the evidence, and that the said ditch or hole had been previously dug in said street or highway, by some person for the purpose set forth in the evidence, and had remained open for the length of time stated in the evidence, and that the said ditch or hole had been left open negligently, and so as to make the use of the said street or highway dangerous; and further find that the defendants, or their agents, knew of said hole or ditch; and further find that said ditch or hole might have been secured by due and proper care on their part, so as not to be dangerous at the time of said injury, then the plaintiffs have a right to a verdict for such damages as the jury may believe, from the evidence, they suffered by said injury to their horse, unless the

jury shall find, from the evidence, that the plaintiffs, or their agents, did not use reasonable and proper care and diligence to avoid the danger occasioned as aforesaid.

To the refusal of their prayers, and to the instruction granted by the court, the defendants excepted.    The verdict was in favor of the plaintiffs for $175 damages, and from the judgment thereon the defendants appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Archibald Stirling* and *G. L. Dulany,* for the appellants, argued:

1st.  That the negligence, if any, in not properly filling up the trench or ditch in question, and repairing the street as it originally stood, was not the negligence of the city, but that of the owner of the horse, or his agent, who had the work done, and the court should have directed the jury that the plaintiff was not entitled to recover.

2nd.  That for the acts or omissions of the Mayor and City Council of Baltimore, in its municipal or political character, no action at law can be sustained against them to recover damages; that if under the circumstances detailed in evidence in this case, any omission or negligence could be found in not having the street properly repaved, yet their default was of a municipal or political character, for which they are amenable only to the people, or by indictment, and not in a civil action for damages.  2 *Kent.,* 274, and cases cited in note (*a*).  7 *Mass.,* 187, *Riddle vs. Proprietors of Locks, &c.*   4 *Pick.,* 414, *Merchants Bank vs. Cook.    Angel & Ames on Corp.,* secs. 31 to 36.    2 *Hill, (S. C. Rep.)* 571, *White vs. City Council of Charleston.*   9 *Cranch,* 43, *Terrett vs. Taylor.*  4 *Wheat.,* 636, *Dartmouth College vs. Woodward.*   3 *Pet.,* 409, *Fowle vs. Common Council of Alexandria.*   17 *How.,* 161, *City of Providence vs. Clapp.* 20 *How.,* 135, *Smith vs. Corporation of Washington.*   8 *Md. Rep.,* 95, *Mayor & C. C. of Balto., Garn. of Brashears vs. R⸴⸴'.*  4 *Sandf.,* 222, *Smith vs. City of New*

*York.* 9 *Louisiana, (Ann. Rep.,)* 461, *Stewart vs. City of New Orleans.* 12 *Do.,* 15, *Wilde vs. City of New Orleans. Ibid.,* 190, *Lewis vs. City of New Orleans. Marriott's* case in 9 *Md. Rep.,* 178, is unlike the present in this, that in that case the matter complained of and which caused the injury was a *nuisance,* whereas in this the ditch was dug by *proper authority.*

*Geo. M. Gill,* for the appellee, argued:

1st. That it was the duty of the appellants to prevent any nuisance in the public streets, and if by such nuisance (of which the authorities had notice in time to remove it, and failed to do it in a reasonable time) any injury has been done, the appellants are responsible therefor.

2nd. That the appellants, having undertaken to provide, for compensation to be paid them, the water for the use of the people of Baltimore, and having undertaken to lay the main pipes through the streets and through which the water was to flow, and having authority to prevent any person from tapping these main pipes and connecting therewith lateral pipes, were bound, where such permission is granted and such lateral pipes laid, to cause this to be done so as to prevent any nuisance in the streets therefrom, and to prevent the streets from being made dangerous to parties using them, and if the city authorities failed and neglected to perform such duty, a responsibility results therefrom.

3rd. The instruction granted by the court below was correct and put the case upon the true ground. The hole or ditch in the street had been left open for three or four weeks before the injury—had been negligently left open and made the use of the street dangerous, and the appellants or their agents knew of this and might have secured the same by due and proper care, so that it would not have been dangerous at the time of the injury, and having failed to do their duty in the premises, the appellants must necessarily be responsible, it being proved that there was no negligence on the part of the plaintiffs or their agents. The case of *The Mayor & C. C. of Balto. vs. Marriott,* 9 *Md. Rep.,* 160, decides

every question involved in the present case, and is conclusive
in favor of the plaintiffs' right of action and the liability of
the defendants.

LE GRAND, C. J., delivered the opinion of this court.

The question involved in this case is *res adjudicata* in this
State. The action was brought to recover damages for an
injury done to a horse, occasioned by the digging of a trench,
or hole, in Garden street, in the city of Baltimore, into which
the horse of the plaintiffs fell, and was thereby so crippled as
to become worthless. There is no dispute as to the facts.
The trench was dug opposite to a house on the street by the
owner thereof, for the purpose of inserting his private pipe
into the main pipe belonging to the city and running along
the centre of the street, with the view of drawing water from
thence and conducting it to his own premises. The trench
in question was filled up with earth, and the paving stones
placed upon it, but in such manner that by reason of the
snow and wet, the ground was so soft that the horse, while
in a cart hauling a load of coal, sank into it and there sus-
tained the injury. There was no evidence going to show, or
from which the jury could infer, any want of caution or
care on the part of the driver at the time of the accident,
but, on the contrary, the evidence went to prove that the ap-
pearance of the place, where the trench had been, was such,
as to conceal the danger of any attempt to pass across it.

By the agreement of the parties, the Acts of Assembly ap-
plicable to the city of Baltimore, and the ordnances of the
latter, are to be taken as part of the record in this case. Un-
der these, the city has full authority to remove nuisances
from its streets. The arrangement by which lateral pipes are
inserted into the main pipe in the centre of the street, is as
follows: the officers of the corporation, for an established
charge paid to it, bore a hole in the main pipe and the rest
of the work is done by the person into whose premises the
water is to be conducted; the necessary excavation, filling up
and paving being also done by the owner of the property.
But these responsibilities imposed upon the property owner

do not relieve the corporation from the obligation, under its charter, to keep the public highways within its limits free from nuisance and in a condition to be safely travelled. In the present case the performance of their duty was wholly neglected for nearly a month, and, as a consequence of such neglect, the accident happened, and the liability of the city, in the absence of fault on the part of the plaintiffs, attached and became complete. In the case of *The Mayor & C. C. of Balto. vs. Marriott,* 9 *Md. Rep.,* 174, in commenting on the clause in the charter of the city of Baltimore, which provides that the corporation "shall have full power and authority to enact and pass all laws and ordinances necessary to preserve the health of the city, and *to prevent nuisances,*" the court declare it to be "a well settled principle, that when a statute confers a power upon a corporation, to be exercised for the public good, the exercise of the power *is not merely discretionary but imperative,* and the words 'power and authority,' in such case, may be construed *duty* and *obligation.*" And in accordance with this doctrine, which was sustained both by reason and authority in that case, the corporation was held liable for an injury occasioned by a person falling on the ice which was allowed to accumulate on the pavement. The same principle applies to the case now before us, and we think the court, in the instruction which it gave to the jury, correctly stated the law, and required of them to find every fact essential to the plaintiffs' right of recovery. The law having been properly laid before the jury, the appellants cannot successfully complain of the action of the court in regard to any of the other propositions submitted to it. *The Mutual Safety Insurance Co. vs. Cohen,* 3 *Gill,* 459.

*Judgment affirmed.*

.(Decided January 26th, 1860.)