Jose A. Seamons *et ux. vs.*, Levi N. Fitts, Town Treasurer.

KENT—APRIL 5, 1898.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

A town is bound to exercise supervision over the making of any excavation or obstruction which it authorizes or permits in its highways, or over any, of which it has notice, made without its authority or permission.

Knowledge on the part of the highway surveyor is notice to the town.

His neglect is to be regarded as the neglect of the town, and the town is liable for the damages which result.

TRESPASS ON THE CASE for neglect to keep a highway in repair.

MATTESON, C. J. This is an action of the case to recover damages for the neglect of the town of East Greenwich to keep one of its highways in repair. At the trial in the Common Pleas Division a verdict was rendered for the defendant. The case is now before us on the plaintiffs' petition for a new trial, alleging : (1) That the verdict is against the law and the evidence ; (2) that the court erred in its refusal, duly excepted to, to instruct the jury in accordance with the plaintiffs' requests, as stated below.

It appears from the evidence that on the afternoon of May 12, 1895, the plaintiffs were riding in an express wagon along Main street in the village of East Greenwich, when suddenly their horse fell, in consequence of his forefeet sinking to a considerable depth into an excavation in the street, which had been made eight or nine weeks earlier by the East Greenwich Water Supply Company, for the purpose of lowering a water pipe sufficiently to prevent its freezing. The plaintiffs were pitched headlong out of their wagon in consequence of the fall of the horse, and Mrs. Seamons sustained the injuries which are the subject of the suit. The plaintiffs allege that the excavation had been so carelessly and improperly refilled that the earth in it had softened, under the effect of the heavy rain which had occurred shortly before the accident, so that it was not solid enough to bear the impact of the horse's feet.

The defence was that, as the excavation had been refilled and the street had been used for several weeks prior to the accident, the defect was latent and consequently one of which the town neither had notice nor could have had notice by the exercise of reasonable care and diligence. It appeared from the evidence, however, that the highway surveyor of the town for the district in which the accident occurred was cognizant of the excavation, but did not exercise any supervision

of the digging or refilling of it. In view of these facts, the plaintiffs requested the court to instruct the jury that if such surveyor had notice of the excavation he was bound to see it properly refilled ; that if this duty on his part was neglected and the excavation was improperly refilled, so as to render the way unsafe, by reason of which the plaintiff' wife suffered injury while in the exercise of due care, the town was liable ; that the highway surveyor was the representative of the town, and, having seen the excavation in the highway, knew or ought to have known that the highway would be unsafe unless it was properly refilled.

Inasmuch as the statute, Gen. Laws R. I. cap. 72, § 1, imposes on towns the duty of keeping their highways safe and convenient for travel, a town is bound to exercise a supervision over the making of any excavation or obstruction which it authorizes or permits in its highways, or over any, of which it has notice, made without its authority or permission. *Denver* v. *Aaron*, 6 Col. Ct. of Appeals, 232 ; *Baltimore* v. *Pendleton*, 15 Md. 12 ; *Watson* v. *Tripp*, 11 R. I. 98 (102) ; *Butcher* v. *Providence Gas Co.*, 12 R. I. 150 ; 2 Shearm. & Red. Neg., 4 ed. § 358. Knowledge on the part of the highway surveyor is notice to the town, since he is the officer of the town charged with the duty of keeping the highway in repair. *Jordan* v. *Peckham*, 19 R. I. 28, and authorities cited. If, then, the surveyor of highways of the district in which the accident occurred had knowledge that the East Greenwich Water Supply Company was making the excavation and neglected to supervise the work to ensure that it was properly done, and in consequence of its being improperly done the accident occurred, his neglect is to be regarded as the neglect of the town and the town is liable for the damages which have resulted. We think, therefore, that the plaintiffs were entitled to the instructions requested and that the court erred in its refusal to give them.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Patrick J. McCarthy*, for plaintiffs.

*Samuel W. K. Allen*, for defendant.