REUBEN TAYLOR *vs.* MAYOR AND CITY COUNCIL OF CUMBERLAND.

*Municipal Corporations—Nuisance—"Coasting" on a Street—*
*Question for the Jury.*

By section 40, of the Act of 1878, chapter 484, amending the charter of the City of Cumberland, it is provided that the City Council "may pass ordinances to remove all nuisances and obstructions from the streets, lanes and alleys within the limits of the city; " and "for the preservation of peace and good order, securing persons and property from violence, danger or destruction." The City Council, by ordinance, section 5, chapter 13, of the City Code, prohibited under the penalty of a fine, "any sport, play or exercise that might produce bodily injury, or endanger property on any street, square or alley within the city limits." In an action against the Mayor and City Council of Cumberland, to recover for injuries to the plaintiff, caused by his being knocked down, while crossing one of the streets of the city, by a sled on which a number of boys were coasting on the snow, it was HELD:

1st. That the defendant was under an obligation to exercise for the public good the powers conferred on it by its charter to prevent nuisances and to protect persons and property; and that this duty was not discharged by merely passing ordinances; a vigorous effort must be made to enforce them.

2nd. That the defendant was bound to prevent the nuisance if it could do so by ordinary and reasonable care and diligence; but if it did use this degree of care and diligence, it discharged its duty, and was relieved from responsibility; and a vigorous effort to enforce its ordinance on the subject would fulfil its duty in this respect.

3rd. That the question whether such effort was made, was one to be determined by the jury.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the three following prayers:

1. That if the jury believe from the evidence that the defendant was, prior to the 27th day of December, 1883, and has been ever since, and is now a municipal corporation, duly incorporated, and that one of the streets in said corporation was and is named and known as Washington street, and that for days prior to said 27th day of December, 1883, and on said day the said street and the sidewalks thereof were covered with snow and ice, and that a large number of sleds and other sliding vehicles known as "Easterns" were, during said time and on said day driven, propelled, and ridden upon, by men and boys over the said snow and ice on said street and sidewalks at a great and dangerous rate of speed, and that the Mayor and the police officers of the defendant, or some of them, well knew or had ample means of knowing that said street and sidewalks were covered with snow and ice, and that large numbers of men and boys were driving, propelling, and riding upon said sleds and other sliding vehicles over said snow and ice, on said street and sidewalks, during said time, and on said day, and that the plaintiff whilst crossing one of the sidewalks of said street, and whilst exercising due and proper care on his part, was struck and knocked down by one of

said sleds or sliding vehicles known as an "Eastern," and was injured thereby, then the plaintiff is entitled to recover such damages as they may believe was occasioned him by being so struck and knocked down, even though they further find that the Mayor and Captain of the Police of the defendant instructed the officers of the police to break up and stop said men and boys from driving, propelling, and riding upon said sleds and other sliding vehicles over the snow and ice on said street and sidewalks, and that the said police officers made all reasonable and proper efforts to carry out said instructions and were unable to prevent or stop said men and boys from using said street and sidewalks in the manner described by the witnesses.

2. That in considering the question of negligence, it is competent for the jury, in connection with the other facts and circumstances of the case, to infer the absence of fault on the part of the plaintiff from the general and known disposition of men to take care of themselves and to keep out of the way of difficulty and danger.

3. That if the jury should find their verdict in favor of the plaintiff, then in estimating the damages to be given, they may consider the health, and mental and physical condition of the plaintiff before the injury complained of, as compared with his present condition of mind and body in consequence of the injury, and whether the injury is in its nature permanent, and how it is calculated to disable the plaintiff from engaging in those employments and pursuits for which, in the absence of the injury, he would have been qualified, and also the physical and mental sufferings to which he has been subjected by reason of said injury, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which he has sustained.

The defendant offered the two following prayers:

1. That if the jury find from the evidence that the injuries complained of by the plaintiff were caused alone by

Taylor *vs.* Mayor, &c., of Cumberland.

his being run into or struck by a sled used by a small party of boys in sliding down Washington street in the City of Cumberland, and that such use of the street or its pavement was not authorized or directed by the defendant, and that at the time the alleged accident occurred the sled which struck the plaintiff and caused the injuries complained of was the only sled or sliding vehicle in use upon said street where the accident occurred, then the plaintiff cannot recover, under the pleadings in this case.

2. That there is no evidence in this case legally sufficient upon which the plaintiff can recover.

The Court (HOFFMAN and SYESTER, J.), rejected the prayers of the plaintiff, and granted those of the defendant. The plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Jacob Brown,* for the appellant.

*William J. Read,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The Act of 1878, chapter 484, amended the charter of the City of Cumberland. By the fortieth section of this statute it is provided that the City Council "may pass ordinances to remove all nuisances and obstructions from the streets, lanes and alleys within the limits of the city;" and "for the preservation of peace and good order, securing persons and property from violence, danger, or destruction." It is shown by the record that the City Council by ordinance, section 5, of chapter 13, of the City Code, prohibited, under the penalty of a fine, "any sport, play or exercise that might produce bodily injury, or endanger property on any street, square, or alley within the city limits."

Taylor *vs.* Mayor, &c., of Cumberland.

The appellant (who was plaintiff below) was knocked down and injured while crossing a sidewalk on one of the streets of the city. The injury was inflicted by a sled, on which, a number of boys were coasting on the snow, which, at the time covered the street and the sidewalks. It was stated in the evidence that for several days previously to the occurrence the street in question and the sidewalks had been covered with snow and ice, and that crowds of men, boys and girls sometimes with sleds, to the number of fifty or sixty, congregated on the street and coasted thereon, and that many of the sleds were composed of two ordinary sleds joined together with a plank and were from fifteen to twenty feet long, and were occupied by six or eight persons and that the sleds were run down the street at a rapid and dangerous rate of speed. This sport as thus described, was a nuisance of a very serious character. It is well settled that the corporation was under an obligation to exercise for the public good the powers conferred on it by its charter to prevent nuisances, and to protect persons and property ; and that this duty is not discharged by merely passing ordinances. It is not relieved from responsibility unless there has been a vigorous effort to enforce them. *Mayor, &c., of Baltimore vs. Marriott, 9 Md.*, 160. It was held in this case that a municipal corporation having power by its charter to prevent and remove nuisances would be discharged from responsibity for them, if they could not be prevented or removed by ordinary and reasonable care and diligence ; and it was also held that where ordinances sufficient to meet the exigencies of the case had been passed, a vigorous effort to enforce them would amount to the requisite care and diligence. There was evidence in the present case that the acting Mayor of the city had, previously to the accident, instructed the Captain of Police to break up coasting on the streets, and that the police did make and were making vigorous efforts to bring about that result. It

Taylor *vs.* Mayor, &c., of Cumberland.

was also in proof that at the time the appellant was injured, the sled which caused the injury was the only one then on the street.

We are of opinion that the principle decided in *Mayor, &c. vs. Marriott* should control this case. The defendant was bound to prevent the nuisance if it could do so by ordinary and reasonable care and diligence; but if it did use this degree of care and diligence, it discharged its duty and was relieved from responsibility; and a vigorous effort to enforce its ordinance on the subject would fulfil its duty in this respect. The Court below withdrew the question entirely from the jury and instructed them that there was no evidence upon which the plaintiff could recover. Assuming the plaintiff's evidence to be true, he while using reasonable care on his part, sustained an injury from a nuisance, which the defendant was bound to prevent, if it could do so by the reasonable exercise of its corporate powers. If these facts were established to the satisfaction of the jury, the defendant was put on its defence, which, of course, it was bound to maintain by evidence. The plaintiff's first prayer, though correct in other respects, erroneously maintained that the defendant was liable, even if the corporate authorities could not prevent the nuisance by reasonable and proper efforts. It was properly rejected, and as it was erroneous, it would have misled the jury to grant his second and third prayers. The defendant's prayers for the reasons stated were improperly granted. It would have been competent to instruct the jury that the defendant was not liable for the injury to the plaintiff, if it had made a vigorous effort to enforce the ordinance, and notwithstanding such effort was unable to prevent the nuisance in question. But as this question was not submitted to the jury, the judgment must be reversed.

*Judgment reversed, and*
*new trial ordered.*

(Decided 24th June, 1885.)