# THE MAYOR AND COUNCIL OF HAGERSTOWN *vs.* MAX KLOTZ.

*Liability of Municipal Corporation for Injury Caused by Bicycle Rider Acting in Violation of an Ordinance Which the Municipality Had Neglected to Enforce—Special Plea Amounting to the General Issue.*

When a municipal corporation, invested by its charter with control over the streets and power to abate nuisances, passes an ordinance prohibiting the riding of bicycles in the streets at an immoderate speed, but makes no effort to enforce the ordinance and suffers such riding to take place without interference, so that upon a certain street it became a constant nuisance dangerous to pedestrians thereon, the municipality is liable in damages to a person who, while himself using due care, was knocked down and injured by a bicycle ridden at great speed in said street.

In an action against a municipal corporation for an injury alleged to have been caused by a third party in consequence of defendant's negligent failure to enforce an ordinance prohibiting the act causing the injury, a plea setting forth that the injury was inflicted by the third party while acting in accordance with the ordinance, is bad, since it amounts to the general issue.

Appeal from the Circuit Court for Washington County·
The third section of the ordinance referred to in the opinion
of the Court ordained : "That it shall be unlawful for any per-
son to ride any bicycle or tricycle at an immoderate speed on
the streets of Hagerstown, or engage in racing or trials of
speed with any other rider of a bicycle or tricycle on the
streets of Hagerstown, either in day or night time. Any per-
son violating any of the provisions of this section shall be
fined not less than five nor more than ten dollars and costs for
each offense, and in default of payment of said fine and costs,
shall be sentenced to the county jail for a term not exceeding
fifteen days or until said fine and costs are paid."

The cause was argued before McSHERRY, C. J., BRISCOE,
PAGE, BOYD, SCHMUCKER and JONES, JJ.

*W. J. Witzenbacher* (with whom were *J. Augustine Mason*
and *R. J. Halm* on the brief), for the appellant.

*M. L. Keedy* (with whom were *A. C. Strite* and *Roger T.
Edmonds* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee in this case instituted an action against the
appellant for damages for an injury resulting from being struck
and knocked down by a rapidly moving bicyclist on a public
street in Hagerstown.

The appellant demurred to the *narr*. and its demurrer hav-
ing been overruled, filed pleas and went to trial upon the issue
joined thereon, and the verdict and judgment being against it,
appealed. The record contains no exceptions to the Court's
action upon the evidence or its instructions to the jury, and
the main question therefore presented for our consideration is
whether the declaration stated a good cause of action. The
declaration alleges the incorporation of the appellant and that
it was vested by its charter with control over its streets and
was given full power and authority to prevent, suppress, re-

move and abate all nuisances and obstructions thereon, and
for the purpose of carrying out its powers and for the preser-
vation of the peace and good order of the community and the
protection of the lives and property of its citizens, to pass and
enforce appropriate ordinances.  That in the exercise of the
powers thus conferred on it the appellant, sometime prior to
the happening of the injury complained of, passed an ordi-
nance to regulate bicycle riding within its corporate limits by
which it was provided that it should be unlawful for any per-
son to ride a bicycle at an immoderate speed on its streets,
and a fine was imposed for a violation of the ordinance.  That
by virtue of the power and authority conferred upon the ap-
pellant it became its duty, not only to pass such ordinances as
were necessary to protect the lives and limbs of its citizens
and prevent, suppress and abate all nuisances and obstruc-
tions as aforesaid, but also to exercise all reasonable care and
diligence in the enforcement of the same.

The declaration alleges further that the appellant negligently,
carelessly and wrongfully failed, refused and omitted to enforce
the provisions of said ordinance ; that the provisions were neg-
ligently permitted to remain and be unenforced so as practi-
cally to be a dead letter, although immoderate bicycle riding,
trials of speed between riders of bicycles and racing of bicycle
riders upon the streets of Hagerstown had become and was
at the time of the injury complained of, and for sometime
prior thereto had been, a nuisance upon that portion of West
Franklin street, between North Potomac street and Walnut
street—a menace to the lives and limbs of the citizens of said
Hagerstown traveling along, upon and across said West Frank-
lin street at its intersection with said North Jonathan street,
as well as at other places on said portion of West Franklin
street ; that on divers days and at divers times, both in the
day time and after night, immoderate bicycle riding, trials of
speed and racing between bicycle riders occurred on said por-
tion of West Franklin street openly, publicly and notoriously,
and that the appellant negligently, carelessly and wrongfully
failed, refused and omitted to enforce the provisions of said

:section three ; that by reason of the failure of the appellant, the provisions of said ordinance became, and were treated and ·considered by persons riding bicycles on said portion of West Franklin street as a dead letter, or an ordinance the provisions ·of which could be violated with impunity.  The declaration further alleges that on the 5th day of August, A. D. 1899, the plaintiff, whilst in the exercise of due care and caution on his part, was crossing said West Franklin street at its intersection with said North Jonathan street, and whilst so crossing was struck and knocked down by a certain person or persons unknown to the plaintiff, who were then and there riding at an immoderate speed along and upon said portion of West Franklin street at its intersection with said North Jonathan street, by reason of the carelessness, negligence, omission and default of the appellant in the premises ; that by reason of such carelessness, negligence, omission and default of the appellant in the premises the plaintiff was seriously and permanently injured.

In the cases of *Mayor, &c., of Baltimore* v. *Marriott*, 9 Md. 160; *Taylor* v. *Mayor, &c., of Cumberland*, 64 Md. 68, and *Cochrane* v. *Mayor, &c., of Frostburg*, 81 Md. 54, this Court held that a municipal corporation having powers similar to those possessed by the present appellant is bound to exercise them for the public good and to protect persons and property, and that its duty is not discharged by merely passing ordinances upon the subject. It can relieve itself from responsibility only by a vigorous attempt to enforce them.  In *Marriott's case* the city was held liable for damages to the plaintiff who suffered injury from falling upon ice which had accumulated upon the footway of one of the streets, in such manner as to constitute a nuisance and to obstruct and endanger the public in walking thereon, the injury having occurred after the lapse of a sufficient time after the city might by the exercise of ordinary care and diligence have obtained notice of the condition of the street.  In *Taylor's case* the plaintiff was injured by being struck by a sled coasting on the public street at a high rate of speed at a place where large numbers of men

and boys had for several days prior thereto been coasting at a rapid and dangerous rate of speed. This sport was held to constitute a nuisance of a dangerous character which the city should have suppressed. Inasmuch, however, as the city had through its police made a vigorous effort to suppress the coasting, and had so far succeeded in doing so that the sled by which the plaintiff was injured was the only one then on the street, the Court, while affirming the principle of *Marriott's case*, held that the lower Court should have submitted to the jury the question whether the defendant had used reasonable care and diligence to suppress the nuisance. In *Cochrane's case* the declaration averred that large numbers of horses, cows, hogs and horned cattle were permitted to run at large upon the public streets until they, especially the horned cattle, became a nuisance and a source of danger to persons passing along the streets and that, although the nuisance had become notorious, the city refused to take any steps whatever to abate it. The further allegation was made that the plaintiff while passing along the street with due care was attacked and seriously injured by one of the horned cattle so negligently permitted to be at large upon the street. The defendant demurred to the declaration and the demurrer was sustained. Upon an appeal this Court held the declaration to be sufficient and reversed the judgment of the lower Court. In the opinion in that case the cases bearing upon the subject in both this and other States were reviewed, and although it was conceded that the law in some of the other States was different, the cases of *Taylor* and *Marriott* were affirmed and relied upon by the Court in reaching its conclusion.

It is apparent that the allegations contained in the declaration in the present case, which we have already stated at some length, bring it within the principle of the last-mentioned cases. We think the learned Judge below committed no error in overruling the demurrer filed by the appellant.

Nor was there any error in sustaining the demurrer to the appellant's third plea which alleged that the injury complained of had been done by one Lester Davis, while conducting him-

self in accordance with the provisions of the ordinance regu-
lating the use of bicycles on the streets.    The plea in ques-
tion amounted to general issue, for to aver that a third party
committed the wrong alleged is the same thing as to say that
the defendant did not commit it.    The general issue is set up
in the first plea and under it the facts alleged in the third plea
could have been offered in evidence, so that the appellant was
in no aspect of the case injured by the Court's action upon
that demurrer.

The judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided June 12th, 1901.)