# THE MAYOR AND COUNCIL OF HAGERSTOWN

## *vs.*

## WALTER H. CROWL, INFANT, BY HIS FATHER AND NEXT FRIEND, JAMES H. CROWL.

*Municipalities: duty to keep streets reasonably safe. Demurrers. Evidence: jury's duty to weigh and determine character of—. Prayers. Building materials: injury to pedestrians from the failure.*

To fulfill the duty of a municipality to keep its streets reasonably safe for public use, it should require provision to be made for the protection of persons on the streets from falling materials, etc., where elevated structures are being built along the thoroughfares.                              p. 559

It is the right and duty of the jury to weigh evidence and determine its credibility.                              p. 561

Building materials and boxes for mixing mortar are not sufficient notice to justify holding, as a matter of law, that a child, hurt by material falling to the sidewalk from an elevated structure there being built, was chargeable with notice of danger and was guilty of contributory negligence, under the circumstances, in passing on the sidewalk.                              p. 562

*Decided April 5th, 1916.*

Appeal from the Circuit Court for Allegany County. (HENDERSON, J.)   To which county the case has been removed for trial, from Washington County.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Alexander R. Hagner* and *Ferdinand Williams,* for the appellant.

*Frank G. Wagaman* (with whom were *Albert A. Doub* and *J. Lloyd Harshman* on the brief), for the appellee.

Urner, J., delivered the opinion of the Court.

The important question in this case is raised by a demurrer to the declaration, which alleges, in substance and effect, that the defendant municipality, though empowered by its charter and therefore charged with the duty to prevent nuisances on its streets and to make reasonable regulations in regard to the erection of buildings within its limits, issued a permit for the construction with brick and mortar of a third story upon a building which abutted on one of the principal streets of the city, without providing by ordinance or otherwise for the observance of precautions, by the maintenance of barriers or by other means of protection, against injuries to which persons passing along the sidewalk adjacent to the building would be exposed on account of the inevitable falling of material from the upper story during its erection, and that while the plaintiff, a boy about ten years of age, was walking with due care on the unguarded pavement in front of the building, without knowledge of the work being done on the wall above, and without warning of the danger thus created, was struck, first on the shoulder and then in one of his eyes, by mortar which fell from the wall in the course of the work, and as a result of the injury thus received the sight of the eye was permanently lost.

The defendant challenges the sufficiency of the declaration to charge it with actionable liability. It is contended that notwithstanding the conceded power and duty of the

municipality to keep the streets under its control reasonably safe for use by the public, there was no obligation resting upon it to provide against such a cause of injury as the one from which the plaintiff suffered. The danger to pedestrians from the falling of mortar during the construction of a building is said to be too insignificant to require the adoption and enforcement of municipal regulations on that subject. It is argued that an accident like the one described in the declaration was not to be reasonably anticipated, and that therefore the failure of the defendant to take measures to prevent its occurrence did not involve any neglect of corporate duty. This is not in our opinion an adequate theory for the determination of the defendant's responsibility. If it omitted to provide safeguards which were reasonably necessary to protect the public from dangers occasioned by building operations in immediate proximity to the streets, it could not be exempted from liability for the consequences of such omission merely because a particular accident resulting therefrom may have been different in nature or degree from those which might ordinarily result from such conditions. If it is the duty of the defendant to require the sidewalk in front of a building in process of erection to be guarded by barricades or otherwise, it is because of the general danger to pedestrians due to the probability that materials may fall into the street during the progress of the work, and not because of an apprehension as to some specific form or kind of injury which may be thus inflicted. The erection of an elevated wall immediately adjacent to a public street involves an element of hazard to persons using the sidewalk which may be readily anticipated and against which it seems reasonable that some protection should be afforded. Although ordinary care may be exercised in the performance of the work, allowance must be made for the occasional fall of fragments of the materials used in the construction. There is no certainty that such objects will be so limited in size and weight as to be incapable of causing injury, and they could

not be prudently disregarded as a possible source of danger. The municipal duty of keeping the streets reasonably safe for public use could hardly be said to be properly fulfilled if elevated structures are permitted to be built along the thoroughfares without *any* provision being made for protecting persons on the street from the risk of harm to which they may be exposed by the building operations. The possibilities of injury from such a source are sufficiently apparent to call for *some* regulative action on the part of the municipality in regard to such conditions in order that it may be in a position to plead the full performance of its duty as against such a claim as the present. In *Rowe* v. *Richards,* (S. D.) 1915, E. L. R. A. (N. S.) 1069, it was said to be incumbent upon a city which grants a permit for the erection of a building adjacent to a street to place barriers in order that the passage of persons on the sidewalk in front of the structure might be prevented while the work was going on, because of the danger from the falling of tools, materials or other objects. The principle that a municipal corporation which is invested with the power is consequently charged with the duty to make reasonable provision for the safety of the public in the use of its streets, has been fully and frequently recognized by this Court; *Mayor & C. C. of Balto.* v. *Marriott,* 9 Md. 160; *Mayor & C. C. of Balto.* v. *Pendleton,* 15 Md. 12; *Taylor* v. *Cumberland,* 64 Md. 68; *Cochrane* v. *Frostburg,* 81 Md. 54; *Hagerstown* v. *Klotz,* 93 Md. 437; *Keen* v. *Havre de Grace,* 93 Md. 34; *Magaha* v. *Hagerstown,* 95 Md. 70; *Baltimore* v. *Beck,* 96 Md. 190; *Havre de Grace* v. *Fletcher,* 112 Md. 568; *Annapolis* v. *Stallings,* 125 Md. 346; *Comr's. of Delmar* v. *Venables,* 125 Md. 476; *Gutowski* v. *Baltimore,* 127 Md. 502. In the first of the cases just cited the rule was settled, and has since been followed, that the obligation of a municipality in regard to the prevention of unsafe conditions in its streets is not satisfied by the mere passage of ordinances having that object in view, but requires a vigorous effort to enforce their provisions. It is

alleged in this case that no measures whatever were taken by the city to protect persons using the street against injuries to which they might be exposed by the building, with its permission, of the wall mentioned in the declaration, under the circumstances therein described, and we are therefore unable to hold that it is legally exempt from the liability asserted in this suit.

The cases of *Weilbacher* v. *Putts Co.*, 123 Md. 249, and *Decola* v. *Cowan*, 102 Md 551, upon which the defendant strongly relied in argument, did not involve any question of municipal duty or liability, but were concerned mainly with the defense that the negligence of independent contractors was responsible for the accidents for which damages were sought to be recovered.

At the trial in the Court below the defendant produced a number of witnesses who testified that barriers were in fact maintained, for the protection of the public, by workmen employed at the building; but the evidence to the contrary offered by the plaintiff appears from the verdict to have convinced the jury that such precautions were not observed. There was testimony also by some of the defendant's witnesses to the effect that the plaintiff not only climbed over a board which served as a barrier at one end of the pavement in front of the building on which the work was being done, but failed to heed distinct and repeated warnings from the workmen to get off the sidewalk as he was in danger of being hurt. The plaintiff testified that no such warning was given, and he was clearly entitled to have this question of fact determined by the jury. In support of a proposed instruction that the plaintiff was guilty of contributory negligence as a matter of law, it was earnestly argued that in the face of positive testimony that the plaintiff had been ordered off the pavement and told that he was in danger, his denial that he had been thus warned should not be considered. It is urged that such a denial is analogous to the assertion of a witness that he looked for but did not see an object which he must

have seen if he had looked, and whose testimony upon that point is therefore treated as having no probative value; *Sullivan* v. *Smith,* 123 Md. 556; *Baltimore Traction Co.* v. *Helms,* 84 Md. 515. The theory thus advanced is not appropriate to the issue raised by the testimony we have now under review. The question was not whether the plaintiff heard warnings which were admittedly given, but whether in fact any such warnings were uttered. In *Cullen* v. *Crisfield Ice Mfg. Co.,* 118 Md. 521, there was testimony by three witnesses that the child, who was killed by taking hold of an electric light wire negligently left lying in the street, had been told not to touch the wire as it was dangerous, and it was contended that in view of this proof the child's own negligence should be held to have contributed to the fatal accident. The witnesses who testified to the warning were not directly contradicted on that subject, but there was opposing proof as to other facts upon which the accuracy of their statement depended, and it was accordingly held that it was proper for the jury to consider this conflict in the evidence and pass upon the question of contributory negligence. In the case at bar there is an explicit denial that the plaintiff was warned to keep off the sidewalk in front of the building, and the testimony that he was given this caution as he was climbing over a board placed across the pavement was in conflict with the statements of other witnesses that no barriers were maintained. In this state of the proof it was the right and duty of the jury to weigh the evidence and determine the question whether the alleged warning was given and ignored or was not actually received.

It is contended also that contributory negligence should be conclusively imputed to the plaintiff because of the presence, as shown by the evidence, of a lot of bricks and lumber and a mortar box in the street and along the curb in front of the building, and which, it is claimed, were in themselves sufficient to give notice of the fact and nature of the work being done, and of any danger which it might be supposed to cre-

ate for persons passing on the sidewalk. As there was no obstruction, according to the plaintiff's proof, to the free passage of pedestrians along the pavement at the place of the accident, and as the work of elevating the wall was being carried on at a height of about thirty feet above the ground, we are unwilling to hold that the ten-year-old plaintiff must be definitely charged in law with knowledge of the danger to which he would be exposed if he continued on his course, and that in attempting to use the sidewalk under the circumstances he was guilty of such negligence as to preclude recovery for the injury he has sustained.

The views we have expressed lead to the conclusion that the defendant's prayer, which proposed that the case be withdrawn from the jury and that the plaintiff be further denied recovery because of contributory negligence, was properly refused. Another prayer of the defendant asked for an instruction that if the jury should find that the plaintiff was warned by those working about the building not to enter or remain upon the pavement along which the wall mentioned in the evidence was being constructed, and that there were at the time of the warning such conditions existing at the place of the accident as to indicate to a boy of the plaintiff's age and intelligence that building operations were in progress, and that the plaintiff could then have turned back or gone around, but entered upon the pavement and was injured, then the verdict should be for the defendant. The Court granted this prayer after modifying it by the insertion of a clause which required the jury to find that the warning was given in such manner that it was capable of being understood by a boy of the plaintiff's age and intelligence. To this modification the defendant excepted. The prayer as offered contained a reference to the age and capacity of the plaintiff in connection with the submission of the question as to the notice sought to be imputed to him from the conditions in front of the building, and we see no prejudice to the defendant in a similar qualification as to the

notice alleged to have been given verbally. The defendant's theory is that there was no room for doubt as to the plaintiff's ability to understand the warnings to which some of the witnesses testified, and that the prayer as modified, by referring to the question of the plaintiff's capacity, raised an unnecessary and improper issue. In our opinion, the evidence does not require such a conclusion, and we should not feel justified in reversing the judgment and remanding the case for a new trial on the ground suggested.

The plaintiff's granted prayers correctly defined and submitted the issues upon his theory of the case as presented by the declaration and the evidence offered in its support.

There was a single exception to the admissibility of testimony. A witness who passed the place of the accident about two and a half hours before its occurrence, and while the building operations were proceeding, was allowed, against the defendant's objection, to testify that there was no barrier across the pavement at that time. The same testimony was repeated in rebuttal for the purpose of contradicting statements by witnesses for the defendant that proper barriers were in position during a period of about four hours before the plaintiff was injured. If it be assumed that the evidence objected to was not competent when first offered, it was clearly admissible in rebuttal, and hence no prejudice resulted to the defendant from the action to which the exception refers.

In the rulings presented for our review the Court below gave the defendant's interests the full measure of consideration to which they were fairly entitled, and hence there is no ground upon which the case could be properly remanded for a new trial.

*Judgment affirmed, with costs.*