# THE MAYOR AND CITY COUNCIL OF BALTIMORE, A BODY CORPORATE,

*vs.*

## ELMIRA BASSETT.

*Negligence: court and jury; province of—; prayers. Streets:
defective conditions; liability of municipality;
pedestrians; contributory negligence.*

Where there is any evidence at all upon which a rational mind could draw a conclusion of negligence on the part of the defendant, the weight and value of such evidence should be left for the consideration of the jury.                    p. 429

Before a prayer can be granted taking a case from the jury, the Court must assume the truth of all evidence in the case tending to support the claim and all inferences of fact due from it.                    p. 429

It is the duty of a municipality to keep its public streets in a reasonably safe and proper condition for public travel; and if it fails to do so, and persons acting without negligence on their part, are injured because of such negligence on the part of the city, it is liable in damages.                    p. 429

A city allowed a hole from three to five feet in diameter and two to four inches in depth to remain in the macadamized streets; after a heavy rain the earth in the hole had the appearance of being solid, and a person unaware of its being there stepped into it and fell, sustaining injuries therefrom; *held,* that the question of negligence on the part of the city should be left to the jury.                    p. 430

The question of contributory negligence *vel non* is a question for the jury.                    p. 431

A pedestrian has rights in the streets equal to vehicles, and they are justified in assuming that they would not be subject to dangers of a nuisance; but this presumption does not authorize one to shut his eyes to open and obvious dangers, and pay no attention whatever to the condition of the highways in which defects may occur.                              p. 431

*Decided April 3rd, 1918.*

Appeal from the Court of Common Pleas of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The case was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Edwin J. Colgan, Jr., Assistant City Solicitor* (with whom was *Samuel S. Field, the City Solicitor,* on the brief), for the appellant.

*William H. Lawrence,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee recovered a judgment against the appellant as a result of personal injuries suffered by her through the alleged negligence of the appellant in permitting one of its thoroughfares to be, and remain for a long time, in an unsafe and dangerous condition.

At the trial below, the appellant offered three prayers, each seeking to withdraw the case from the consideration of the jury; two upon the ground that there was no legally sufficient evidence to entitle the plaintiff to recover, and one for the reason that the plaintiff was guilty of contributory negligence. It is only upon the theory that the Court committed error in refusing one or all of these prayers that this appeal is prosecuted.

This Court and others have so often and so consistently declared the rule of law as to when cases should be withdrawn from the consideration of the jury for want of legal evidence, that it is only necessary to repeat the rule, and that is, if there be any evidence from which a rational conclusion may be drawn as opposed to the theory of the prayer, the weight and value of such evidence should be left for the consideration of the jury; and before such a prayer can be granted, the Court must assume the truth of all the evidence before the jury, tending to sustain the claim or defense, as the case may be, and of all inferences of fact fairly deducible from it. *Jones* v. *Jones,* 45 Md. 144; *Balto. Elevator Co.* v. *Neal,* 65 Md. 459; *Moyer* v. *Justis,* 112 Md. 220; *Balto.* v. *Leonard,* 129 Md. 621.

The duty of a municipality to keep its public streets and highways in a reasonably safe and proper condition for public travel, is too well settled in this State, by numerous and recent decisions to admit of any doubt; and if the municipality negligently fails to do so, and persons acting without negligence upon their part are injured, because of such negligence of the City, the municipality is liable in damages. *Balto.* v. *Marriott,* 9 Md. 160; *Hagerstown* v. *Klotz,* 93 Md. 437; *Keen* v. *Havre de Grace, Ibid.* 34; *Magaha* v. *Hagerstown,* 95 Md. 70; *Annapolis* v. *Stallings,* 125 Md. 346; *Delmar* v. *Venables, Ibid.* 476; *Gutowski* v. *Balto.,* 127 Md. 502; *Burke* v. *Balto., Ibid.* 560; *Hagerstown* v. *Crowl,* 128 Md. 556; *Biggs* v. *Balto.* 129 Md. 686.

The testimony tends to show that the plaintiff, a woman of seventy-five years of age, attempted to board a street car at the southwest corner of North and Moreland avenues in Baltimore City, during the afternoon of March 5th, 1917. She had been walking up Moreland avenue, and at the corner of that avenue and North avenue, left the curb of the pavement and hailed a car. It had been raining the morning of, and the night before, the day of the accident. From the curb to the car line is a distance of fifteen or twenty feet.

And in a direct line from the corner to the entrance of a car standing to take on passengers, and about midway between the curb and the car, was a hole in the concrete or macadam street bed, described by the witnesses as of a bowl shape, and variously described by them as from three to five feet in diameter and hollowed out, at its greatest depth in the center from two to four inches. Several of the witnesses, in locating its position, testified that in making the car, a person either had to jump over it, or walk around it. And it was further testified that the hole had been there for at least a year.

The plaintiff testified that after she left the curb, and while looking for automobiles both ways, she stepped into the hole and fell, breaking one of her arms in three places. She testified that she was not familiar with the point in question before the accident, and knew nothing of the hole in her path to the car until just as she was about to place her foot in it, and then she could not hold herself back. That because of the rain, the earth in it was muddy and looked perfectly safe, like the rest of the street, and she did not know there was a hole there until she was falling.

The chief contention of the appellant seems to be based upon the theory that the Court below should not have allowed the case to go to the jury upon, what it claims to have been, no evidence of negligence whatsoever when the only proof of such is based upon "the existence of such an insignificant defect." We can not agree with this argument. If the authorities, charged with the duty of using reasonable care in keeping the streets and highways in safe condition for the travelling public, likewise using due care, choose to permit a defect, such as described by the testimony in this case, to continue for months, then there is strong proof that they have negligently failed to perform their legal duties. The fact that an ordinance requires all street cars to stop on the near side of a cross street for receiving and discharging passengers, should have called to the attention of the authorities

that holes, located as this one, were especial menaces to those compelled to avail themselves of the cars.

We, also, are of the opinion that the question *vel non* of contributory negligence was one to be presented to the jury. For, since pedestrians have rights in the streets equal to vehicles, .they are justified in assuming that they will not be subjected to the dangers of a nuisance, such as the testimony showed the city permitted to exist at a point where those about to take a car had to come into contact with it; but this presumption, of course, does not authorize one to shut his eyes to open and obvious dangers, and pay no attention, whatever, to the condition of the highway in which defects may, although they should not, exist. *Balto. Traction Co.* v. *Helms,* 84 Md. 515; *Magaha* v. *Hagerstown,* 95 Md. 62; *Knight* v. *Balto. City,* 97 Md. 647.

We think the testimony bearing upon this point is such as to cause reasonable men to differ, and therefore, under the rule, should have been submitted.

Finding no error in the rulings of the Court, we will affirm the judgment.

*Judgment affirmed, with costs to the appellee.*