## STATE, USE OF WILKERSON *v.* BALTIMORE COUNTY ET AL.

[No. 51, September Term, 1958.]

272

*Decided November 20, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, and HORNEY, JJ., and HENRY, Chief Judge of the First Judicial Circuit, specially assigned.

*Milton B. Allen,* with whom were *Harry A. Cole* and *Brown, Allen & Watts* on the brief, for appellants.

*Richard C. Murray,* with whom was *W. Lee Harrison* on the brief, for Baltimore County, Maryland, one of the appellees.

No appearance and no brief for Louis DeManss, the other appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for costs entered in favor of the defendant, appellee, Baltimore County, after a demurrer filed by it had been sustained without leave to amend. The declaration, in two counts, alleged that Clarence Wilkerson had been fatally shot by the defendant, Louis DeManss, a

police officer, "regularly employed as an agent, employee and servant of the Police Department of Baltimore County", and that the shooting was "in reckless disregard of human life and discarding those precautions proper to the circumstances," and "without justification or excuse". The trial court held that the County was not liable for the alleged tort of the police officer, because it was exercising a governmental function when it employed him.

We think the Maryland law on the point was settled in the case of *Wynkoop v. Hagerstown,* 159 Md. 194. The rule there stated is supported by the great weight of authority. See Borchard, *Government Liability in Tort,* 34 Yale Law Journ. 229, 240; Prosser, *Torts* (2d ed.) § 109; *Restatement of Torts,* sec. 887, comment (c) and sec. 888, comment (c); 18 McQuillin, *Municipal Corporations* (3d ed.) §§ 53.79, 53.80. We find no merit in the appellants' argument that Baltimore County somehow stands in a different position because of the adoption of its present Charter under Article XI-A of the Maryland Constitution, and Code (1957), Art. 25A, sec. 1. If, as the appellants argue, the rule ought to be changed so as to enlarge the liability of municipal corporations, it must be done by the Legislature and not by this Court. *Baltimore v. State,* 173 Md. 267, 273; *Cox v. Anne Arundel County,* 181 Md. 428, 433. Cf. *Howard v. South Balto. Gen. Hosp.,* 191 Md. 617, 619; and *Thomas v. Prince George's County,* 200 Md. 554, 559.

*Judgment affirmed, costs to be paid by the appellants.*