FOWLER ET AL. *v.* BOARD OF COUNTY COMMIS-SIONERS OF PRINCE GEORGE'S COUNTY, ETC., ET AL.

[No. 121, September Term, 1962.]

*Decided February 4, 1963.*

*Motion for rehearing filed March 4, 1963, denied March 15, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Flora D. Fowler, pro se,* with whom was *Kenneth Leo Fowler* on the brief, for the appellants.

*Robert B. Mathias* and *Lionell M. Lockhart,* with whom were *Russell W. Shipley* and *Joseph S. Casula* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The appellants, Mr. and Mrs. Kenneth Fowler and their eleven children, sued the individuals comprising the Board of County Commissioners of Prince George's County, as individuals and as a Board, alleging failure to do their duty and exercise their powers to abate nuisances and prevent the creation of additional nuisances in the matter of "faulty septic tank installations in the subdivision of Seabrook Acres during the years from and about 1951 to 1959." The declaration further alleged that the defendants, as individuals, did not physically bring about the abatement of the alleged nuisances. The damages suffered were said to be the illness of Mr. Fowler, with resulting pain, expense, change of personality and character and consequent disruption and destruction of a previously "harmonious family relationship." This, it was alleged, caused great mental anguish to each child and their mother and deprived them of the "peaceful and happy enjoyment of their home and family," to which they were entitled.

Mrs. Fowler alleges that because no "bona fide attorney" would take the case, she has been compelled "in the pursuit of justice to undertake and carry through the legal work necessary in this case," a task said to have been "time-consuming and expensive" and that as a result, her "efforts have caused the eleven Plaintiffs within age to suffer the lack of the devoted attention of their maternal parent * * *."

The defendants below demurred to the declaration on the grounds (a) that the Board was acting in the performance of a governmental function and it and its members are immune from tort liability for negligence or nonfeasance as governmental agents, and (b) that no act which could support an action against them for negligence had been alleged. Judge Bowie

sustained the demurrer, without leave to amend, and this appeal followed.

We think there was no error in the sustaining of the demurrer. It is clear that when the Legislature delegates the police power with respect to the public health to a political subdivision, its governing body to the extent of the grant is invested with the sovereign power of the State; and when it acts, or fails to act, under that power, it does so in a governmental capacity. *Cox v. County Commissioners of Anne Arundel County,* 181 Md. 428, 434; 18 *McQuillan on Municipal Corporations,* 3rd Ed., Sec. 53:85.

It is equally clear that in Maryland, as in almost all common law jurisdictions, there can be no recovery against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character. *Cox v. County Commissioners of Anne Arundel County, supra; Thomas v. Prince George's County,* 200 Md. 554. The appellants attempt to escape the effects of governmental immunity by arguing that wilful or negligent failure to prevent or abate a public nuisance is an exception to the usual rule. The cases make it clear, however, that the exception has been recognized and applied (on the theory that the political subdivision is acting in a proprietary or municipal capacity and not as the agent of the State) only where the nuisance has relation to public rights of way or other property owned or maintained by the municipality. *Wynkoop v. Hagerstown,* 159 Md. 194, 198, *et seq.; Taylor v. Mayor & C. C. of Baltimore,* 130 Md. 133, 148; *Cox v. County Commissioners of Anne Arundel County, supra; Mayor & C. C. of Baltimore v. State, Use of Blueford,* 173 Md. 267, 273; *Thomas v. Prince George's County, supra* (at pp. 558-559 of 200 Md.). It is apparent from the declaration that the claimed public nuisance was not on a highway or on municipally owned land.

The trial court found no support in the statutes for the contention of the appellants that the appellees had a duty either as members of the Board of County Commissioners (Code (1957), Art. 25, Sec. 3 (n)) or as members of a statutory local board of health (Code (1957), Art. 43, Sec. 45; Code of Public Local Laws of Prince George's County (1953), Sec. 1071)

personally to physically abate the claimed public nuisances. We agree. Code (1957), Art. 43, Secs. 49 and 50, which seem closest in point, fall short of imposing any such duty. Sec. 49 requires a local board of health, upon complaint that any cesspool or privy pit is in a condition dangerous to health, to make an investigation, and, if it deems it appropriate, to require the person by whose act or sufferance the thing complained of arises or exists to abate it. Sec. 50 says the local board of health "shall take cognizance of all unhealthy nuisances within the limits of its sanitary jurisdiction; and any person or corporation refusing or neglecting, after due notice, to comply with the requirements of the said board in this respect shall be liable to a penalty not exceeding fifty dollars." The declaration of the appellants did not state a cause of action, and the trial court was right in so determining.

*Judgment affirmed, with costs.*