## QUECEDO *v.* MONTGOMERY COUNTY, MARYLAND

[No. 230, September Term, 1971.]

*Decided February 22, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Rex L. Sturm,* with whom was *R. Edwin Brown* on the brief, for appellant.

*Paul V. McCormick,* with whom were *McInerney, Layne & McCormick, Richard S. McKernon, Acting County Attorney, Alfred H. Carter, Deputy County Attorney,* and *Stephen J. Orens, Assistant County Attorney,* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Carlos Quecedo, also known as Carlos Quecedo Garcia, who was the plaintiff below, contends in this appeal that the Circuit Court for Montgomery County (Moorman, J.) erred (1) in holding that the appellee, Montgomery County, did not waive its right to assert its defense of sovereign immunity even though a policy of insurance existed which contained a provision that the insurance company will not use the defense of governmental immunity except upon the written request of the insured and (2) in holding that a police officer, an employee of the County, in effecting an arrest on charges of assault and battery and disorderly conduct, was performing a governmental function rather than a proprietary function and that the County was not liable for injuries resulting from the police officer's alleged tortious acts committed in the performance of his public duty.

We have concluded that Judge Moorman did not err and we will affirm the judgment of August 3, 1971, for costs in favor of the County entered pursuant to Judge Moorman's order of July 26, 1971 [filed on July 28], dismissing all counts of the plaintiff's declaration against the County.

The plaintiff's declaration contains five counts for

personal injuries allegedly resulting from the assault and battery, false arrest and malicious prosecution of the plaintiff by a County police officer. In Count V it is alleged that the County is a body politic and body corporate and had:

> "* * * contracted with the Insurance Company of North America, and purchased from the said insurance company public liability insurances to protect the said defendant from any and all claims arising from tort liability, and the said policy of insurance specifically provides by endorsement thereon that the said 'insurance company, or its attorneys will not raise defense in any claim against Montgomery County that the County being a political body is immune from the liability alleged in such claim or resulting suit'; and the said policy of insurance further provides by endorsement thereon that 'bodily injury' shall include injuries arising from out of false arrest, malicious prosecution or willful detention or imprisonment'; that the said insurance protects Montgomery County, Maryland, for the amount of One Hundred Thousand Dollars ($100,000.00) for each person injured to a total for each occurrence of Three Hundred Thousand Dollars ($300,000.00); and that by reason of said insurance Montgomery County, Maryland, has no government immunity up to and including the available amount of insurance."

The County filed a Motion Raising Preliminary Objection pursuant to Maryland Rule 323 b in which it stated that the County is a municipal corporation under the Laws of Maryland; that its employee at the time of the occurrence complained of in the declaration was "in the process of conserving the peace and protecting the dignity and good order of the citizens of the State and of this County and in such capacity was not the agent of

the defendant so as to render it responsible for his alleged unlawful act in the discharge of his duties. Accordingly, the said County is entitled to the privilege of governmental immunity from tort liability."

After considering the memoranda submitted by counsel for the parties and after argument, Judge Moorman, on July 28, 1971, filed a carefully considered opinion indicating that there was no waiver of the defense of sovereign immunity and that the police officer was performing a governmental and not a proprietary function. As we have indicated, an order was entered dismissing all counts of the declaration against the County.

## 1.

The appellant does not request that we again reconsider our holdings sustaining the doctrine of sovereign immunity where applicable. His claim is that the doctrine does not apply in the present case because, by virtue of the provisions of the liability policy as alleged in Count V of the declaration, the County has waived the protection of the immunity from tort claims up to the amount of the coverage. He cites statutory provisions in regard to the removal of the defense of charitable immunity to the extent of insurance coverage by Code (1968 Repl. Vol.) Art. 48A, § 480 as analogous to the situation in the present case and as indicative of the legislative intention of the Montgomery County Council that in the present case the County cannot avail itself of the immunity.

Art. 48A, § 480 provides:
"Each policy issued to cover the liability of any charitable institution for negligence or any other tort shall contain a provision to the effect that the insurer shall be estopped from asserting, as a defense to any claim covered by said policy, that such institution is immune from liability on the ground that it is a charitable institution."

It will be noted that this statutory provision applies only to charitable institutions.

There is little doubt that the immunity may be waived by statute. By Section 1013 of the Charter of Prince George's County, it is provided:

> "Governmental Liability. The County may be sued in actions sounding in tort in the same manner and to the same extent that any private person may be sued. The County shall carry liability insurance with adequate limits to compensate for injury to persons or damage to property resulting from negligence or other wrongdoings of its officers, agents, and employees. Nothing herein shall preclude the County from meeting the requirements of this section by a funded self-insurance program."

Unfortunately for the appellant, there is no similar type of law applicable to Montgomery County.

This Court indicated in *Thomas v. Prince George's County,* 200 Md. 554, 560, 92 A. 2d 452, 455 (1952) that in the "absence of statute, the fact that a charitable corporation carries insurance does not make it liable for torts or make the insurer liable on its policy." This represents the weight of authority in the country. See annotation, "Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability," 68 A.L.R.2d 1437 in which it is stated at page 1438:

> "In a majority of jurisdictions it is held that the procurement of liability or indemnity insurance by a governmental unit has no effect upon its immunity from tort liability."

In *Jones v. Scofield Bros.,* 73 F. Supp. 395 (D. C. Md. 1947), Judge Chesnut, in dismissing a third party complaint against the State Roads Commission which had an indemnity policy, stated at page 398 of 73 F. Supp.:

"The effect of indemnifying insurance taken out by state agencies or eleemosynary corporations not otherwise liable in tort suits, has been discussed in some cases. The generally prevailing view seems to be that its mere existence is not sufficient to create liability in tort unless the legislative enactments creating the agency or corporation considered as a whole, lead to the conclusion that it was the intention of the Legislature to impose such liability on the agency or corporation."

\* \* \*

"The doctrine of sovereignty of a State against tort actions by its agencies or other employees in governmental functions is still a very firmly established doctrine of American law. I think it is true in recent years that there has been legal discussion as to whether in view of the nature of the American government, federal and state, the doctrine of sovereign immunity based on the English common law, should be maintained. But unless the Legislature provides to the contrary, the courts must apply the law as it is. In the federal field the recent enactment of the Federal Tort Claims Act is an express congressional enactment which does waive the sovereign immunity to suit against the government for torts of its agents under certain carefully prescribed restrictions. There is no similar enactment by the Maryland Legislature."

This Court has indicated many times that it will not depart from its prior decisions in regard to the doctrine of sovereign immunity and that a change in that doctrine must come from the legislative branch of the State government. *Robinson v. Board of County Commissioners for Prince George's County*, 262 Md. 342, 345, 278 A. 2d 71, 73 (1971).

There being no applicable statutory provision to the contrary, the lower court correctly ruled that the carrying of insurance by the County did not waive the County's right to use the defense of sovereign immunity in the present case.

## 2.

The appellant also contends that inasmuch as the police officer in question stopped the appellant during the course of regulating traffic, he was engaged in the exercise of a proprietary rather than in a governmental function by the County. Reliance for this contention is based primarily on the decisions of our predecessors in *Hagerstown v. Klotz,* 93 Md. 437, 49 A. 836, 54 L.R.A. 940, 86 Am. St. Rep. 437 (1901) ; *Cochrane v. Frostburg,* 81 Md. 54, 31 A. 703, 27 L.R.A. 728, 48 A. St. Rep. 479 (1895) ; and *Taylor v. Cumberland,* 64 Md. 68, 20 A. 1027, 51 Am. Rep. 860 (1885).

In our opinion, this reliance is misplaced. In the three cases mentioned, the municipalities involved had the statutory power and duty to abate nuisances in the public streets. They failed to perform this duty and as a consequence the respective plaintiffs were injured. The present case involves no nuisance and a failure to abate it. On the contrary, the instant case involves an effort by the police officer to conserve the peace and order of the citizens of the County and in so doing he was performing a governmental function as the lower court properly held.

In our opinion, the decision of this Court in *Wynkoop v. Hagerstown,* 159 Md. 194, 150 A. 447 (1930) is conclusive on this point. In *Wynkoop,* the plaintiff in that case was injured by a drunken man who was not arrested by a police officer of Hagerstown when the officer allegedly should have made the arrest and thus have prevented the injury to the plaintiff. In holding that the municipality was not liable to the plaintiff in tort, Judge Offutt, for the Court, stated:

> "The protection of the citizen against pestilence, disease, violence, or disorder, is essen-

tially a governmental function to be exercised by the state under its police power, through proper agents. And while in many cases it is difficult on the facts to mark the boundary between acts and duties which are in their essence governmental, and those which are of a corporate or municipal nature, that doubt does not exist in respect to the duties of agencies charged with the administration of the criminal laws, the conservation of the public peace, or the protection of the citizen from violence. But the acts of such agencies done in the performance of duties imposed upon them by law are almost everywhere regarded as governmental in their nature, and for the benefit of the entire public.

"Accordingly it may be taken as settled that police officers, exercising directly the police power of the state, are governmental agents, that their duties are of a public nature, and that whether appointed by it or not they are not municipal servants or agents, and that municipalities for which they are appointed will not be responsible for their acts or omissions as police officers (43 C.J. 964; *McQuillen on Mun. Corp.*, sec. 2837), whether done or omitted under a public law or a municipal ordinance, 19 R. C. L. 1099; *Dillon on Mun. Corp.* (5th Ed.), sec. 1656." (159 Md. at 201, 150 A. at 450.)

We cited *Wynkoop* with approval and followed it in *State, Use of Wilkerson v. Baltimore County*, 218 Md. 271, 273, 146 A. 2d 28 (1958). See *Fowler v. Board of County Commissioners of Prince George's County*, 230 Md. 504, 507, 187 A. 2d 856, 858, *cert. denied,* 375 U. S. 845, 84 S. Ct. 98, 11 L.Ed.2d 72, *reh. denied,* 375 U. S. 936, 84 S. Ct. 334, 11 L.Ed.2d 268 (1963).

*Judgment affirmed, the appellant to pay the costs.*