40

## RONALD M. COX ET AL. *v.* PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 528, September Term, 1981.]

*Decided February 24, 1982.*

The cause was argued before MORTON, MOORE and WILNER, JJ.

*Louis Fireison,* with whom were *Fireison & Olshonsky, P.A.* on the brief, for appellants.

*David S. Bliden, Associate County Attorney for Prince George's County,* with whom were *Robert B. Ostrom, County Attorney for Prince George's County,* and *Michael O. Connaughton, Deputy County Attorney for Prince George's County,* on the brief, for appellees.

MORTON, J., delivered the opinion of the Court. Concurring opinion filed by WILNER, J., at page 44 *infra.*

The question in this appeal concerns whether Prince George's County may be liable for damages for personal injuries arising out of tortious conduct by two county police officers. The County maintains no, the trial judge agreed, and this appeal ensued. We agree with the trial court and shall affirm.

The record reveals that Ronald M. Cox, one of the appellants, alleged in his amended declaration that he was attending a party on July 20 or 21, 1979, in the area of Powder Mill Village. There were two police officers, supervising a dog, on duty in the same area and allegedly they commanded the dog to attack Ronald. The dog did as it was bade and injuries were suffered thereby by Ronald. It was also alleged that Ronald was beaten and further injured by the officers. Thereafter, a multi-count (seven) action was brought in the Circuit Court for Prince George's County against the County, the appellee here, and the two officers. It would appear appellant's action against the County was based on *respondeat superior.* The County demurred and, after a hearing thereon, the court sustained the demurrer without leave to amend. Judgment was duly entered by the court, which also certified, under Md. Rule 605 a, that there was no "just reason to delay appeal."

On appeal the appellants pose two questions as follows:

1. Whether Prince George's County may be held liable for the malicious acts of its police officers.

2. Whether a Title 42, Section 1983 action can be brought in the Circuit Court for Prince George's County, Maryland.

With respect to appellants' second question, appellants in their brief concede that it is moot in light of *DeBleeker v. Montgomery County,* 48 Md. App. 339 (1981); thus we need not address the issue.

As to appellants' first question, appellants' argument is that the County, through *respondeat superior,* can be liable for the malicious acts of its police officers which are done

within the scope of their employment and that their amended declaration contained the appropriate allegations. Appellants concede that a finding of agency between the County and the police officers is a threshold hurdle to be cleared. In contending that they have successfully cleared the hurdle, appellants argue (1) that *Wynkoop v. Hagerstown,* 159 Md. 194 (1930), only "ostensibly" held that police officers are agents only of the State in which they are employed, not of the political subdivision in which they work, and (2) that, in any event, *Wynkoop* should no longer be followed. We disagree with appellants' interpretation regarding their first argument.

The Court of Appeals, in *Wynkoop,* said in part:

"The protection of the citizen against pestilence, disease, violence, or disorder, is essentially a governmental function to be exercised by the state under its police power, through proper agents. And while in many cases it is difficult on the facts to mark the boundary between acts and duties which are in their essence governmental, and those which are of a corporate or municipal nature, that doubt does not exist in respect to the duties of agencies charged with the administration of the criminal laws, the conservation of the public peace, or the protection of the citizen from violence. But the acts of such agencies done in the performance of duties imposed upon them by law are almost everywhere regarded as governmental in their nature, and for the benefit of the entire public.

Accordingly it may be taken as settled that police officers, exercising directly the police power of the state, are governmental agents, that their duties are of a public nature, and that whether appointed by it or not *they are not municipal servants or agents,* and that municipalities for which they are appointed will not be responsible for their acts or omissions as police officers (43 *C. J.* 964; *McQuillen on Mun. Corp.,* sec. 2837), whether done or omitted

under a public law or a municipal ordinance, 19 *R. C. L.* 1099; *Dillon on Mun. Corp.* (5th Ed.), sec. 1656." [Emphasis supplied.] *Id.* at 201.

In *Quecedo v. Montgomery County,* 264 Md. 590 (1972), after quoting the above passage from *Wynkoop* the Court of Appeals stated:

"We cited *Wynkoop* with approval and followed it in *State, Use of Wilkerson v. Baltimore County,* 218 Md. 271, 273, 146 A.2d 28 (1958). See *Fowler v. Board of County Commissioners of Prince George's County,* 230 Md. 504, 507, 187 A.2d 856, 858, *cert. denied,* 375 U.S. 845, 84 S. Ct. 98, 11 L.Ed.2d 72, *reh. denied,* 375 U.S. 936, 84 S. Ct. 334, 11 L.Ed.2d 268 (1963)." *Id.* at 597.

In *State, Use of Wilkerson v. Baltimore County,* 218 Md. 271 (1958), another civil action against a county for a tort committed by a county police officer, the Court stated:

"The trial court held that the County was not liable for the alleged tort of the police officer, because it was exercising a governmental function when it employed him.

We think the Maryland law on the point was settled in the case of *Wynkoop v. Hagerstown,* 159 Md. 194. The rule there stated is supported by the great weight of authority. See Borchard, *Government Liability in Tort,* 34 Yale Law Journ. 229, 240; Prosser, Torts (2d ed.) § 109; *Restatement of Torts,* sec. 887, comment (c) and sec. 888, comment (c); 18 McQuillin, *Municipal Corporations* (3d ed.) §§ 53.79, 53.80. We find no merit in the appellants' argument that Baltimore County somehow stands in a different position because of the adoption of its present Charter under Article XI-A of the Maryland Constitution, and Code (1957), Art. 25A, sec. 1. If, as the appellants argue, the rule ought to be changed so as to enlarge the liability of municipal corporations, it must be done by the Legisla-

ture and not by this Court. *Baltimore v. State,* 173 Md. 267, 273; *Cox v. Anne Arundel County,* 181 Md. 428, 433. Cf. *Howard v. South Balto. Gen. Hosp.,* 191 Md. 617, 619; and *Thomas v. Prince George's County,* 200 Md. 554, 559." *Id.* at 273.

Again, in *Bradshaw v. Prince George's County,* 284 Md. 294, 304 (1979), the Court of Appeals stated in pertinent part:

"In *Wynkoop v. Hagerstown,* 159 Md. 194, 200, 150 A. 447, 449-50 (1930), our predecessors observed that 'police officers . . . are not its [a city's] agents or servants, so as to render it responsible for their unlawful or negligent acts in the discharge of their duties.' *Wynkoop* held that police officers, 'exercising directly the police power of the state, are governmental agents, . . . they are not municipal servants or agents.' *Id.* at 201, 150 A. at 450. *Accord, Quecedo, id., State v. Baltimore, id."*

Whether *Wynkoop, supra,* should remain viable law today, in our view, is beyond our authority. We observe, however, that 51 years have passed since that decision was handed down and no legislation has been enacted to change it. We believe it is still viable law, and thus the County's demurrer should have been, as it was, sustained.

*Judgment affirmed.*
*Costs to be paid by appellants.*

*Wilner, J., concurring:*

I concur in the result reached by the panel. As the law now stands, the case is controlled by the 51-year old decision of the Court of Appeals in *Wynkoop v. Hagerstown,* 159 Md. 194 (1930).

Notwithstanding that *Wynkoop* has been cited several times since 1930 by the Court of Appeals, with apparent (or at least tacit) approval, I believe that the doctrine announced in that case is outdated and ought to be reviewed again by the Court of Appeals. The *Wynkoop* Court held that

a municipal police officer was not the agent of the municipality that hired him because he was engaged to enforce the police power of the *State.*

I find that to be rather strained, result-oriented reasoning. It ignores nearly every aspect of normal agency law for the sole purpose of immunizing local governments from the wrongful acts of their employees.

The police officers involved in this case were part of a county police department created by a county charter (art. XII, § 12) which itself was adopted pursuant to the direct authority of the State Constitution. They were hired by the county, paid by the county, and in every way were subject to county authority. The State of Maryland had no control whatever over them and could in no way influence the manner in which they performed their duties.

Prince George's County, in its charter, has partially waived its right of sovereign immunity. The courts ought not, by judicial "logic," supply that which the people of the county clearly said they do not want.