# LYCURGUS KEEN *vs.* THE MAYOR AND CITY COUNCIL OF HAVRE DE GRACE.

*Liability of Municipal Corporation for Injury Caused by Defective Sidewalk—Sufficiency of Evidence.*

It is the duty of a municipal corporation to keep the streets of the city in a reasonably safe condition for public travel ; and if there be a defect therein likely to cause injury of which the municipal officers either had knowledge, or by the exercise of ordinary care could have had knowledge, in time to remedy before the occasion of an injury thereby, the municipality is liable.

For two or three weeks before the occurrence of the accident for which this action was brought there was an open hole in the sidewalk of a street over which the defendant had control.   Plaintiff, while passing there on a dark night, without knowledge of the defect and exercising due care, stepped into the hole and was thereby thrown down an embankment and injured.   *Held*, that there was legally sufficient evidence of negligence on the part of the defendant municipality to be submitted to the jury.

Appeal from the Circuit Court for Harford County (WAT-
TERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Jas. J. Archer* (with whom were *Fred. R. Williams* and *John
S. Young* on the brief), for the appellant.

In the light of the facts testified to by the witnesses, and
their opinions as to the condition of the way, formed from
what they actually saw there at the time, and their personal
use of the walk, is this Court to say, as a matter of law, that
this walk was in repair? That it was safe and convenient for
travelers, by night as well as by day? Does not the evidence
rather show the walk to have been in such a condition as most
likely to cause injury to the unsuspecting traveler walking
there in the night time, relying, as he would have a right to
do, upon the performance by the defendant of its duty to the
public, to keep the walk in repair and safe for travel? The
record shows that other persons had fallen there before the
plaintiff met with his accident.

The city officials could, and should have known of the con-
dition of this walk, and have repaired it long before the plain-
tiff met with his accident.    But it seems they not only did not
exercise that degree of care and caution that the law required
of them to keep this walk in repair, but abandoned the care
of it to another corporation, which on its part, when trouble
occurs, asserts it has nothing to do with it.    Its officials can-
not fold their arms and shut their eyes, and say they have no
notice.    It is their duty to exercise active vigilance, and this
they cannot delegate to another and escape liability.    Under
all the authorities, this case should have gone to the jury.
*Marriott's case,* 9 Md. 160; *Pendleton's case,* 15 Md. 12; *Duck-
ett's case,* 20 Md. 468; *Gibson's case,* 36 Md. 229; *Eyler's case,*
49 Md. 270; *Hamilton's case,* 60 Md. 340 ; *Geschwend* v. *Mell-
vale Borough,* 159 Pa. St. 257; *Rosevere* v. *Oseola Mills,* 169
Pa. St. 555; *Crumlick* v. *Harrisburg,* 162 Pa. St. 624; *Domi-
nick* v. *Knoxville Borough,* 146 Pa. St. 580; *Todd Admr.* v.

*Troy*, 61 N. Y. 206; *City of Contralia* v. *Baker*, 36 Ill. App. 46; *Schroth* v. *City of Prescott*, 63 Wis. 652; *City of Atlanta* v. *Purdue*, 53 Ga. 607; *Todd* v. *City of Troy*, 61 N. Y. 506; *Grosenbach* v. *Milwaukee*, 65 Wis. 31; *Hall* v. *Sewell*, 10 Cush. 260; *Decker* v. *City of Scranton*, 151 Pa. St. 141.

*Thomas H. Robinson* and *P. Leslie Hopper*, for the appellee.

The plaintiff failed to prove a dangerous condition existing at the place where he fell or such a condition as would be deemed unsafe for public travel. It is true that several of the witnesses say it was dangerous, but when they describe the conditions actually existing, it appears very clear that this sidewalk was as safe as most of the sidewalks in the large cities. The defect they try to prove is a depression extending about thirty feet along the sidewalk and at the deepest point, according to the testimony, only eight inches by actual measurement, the hole as they describe the place where they *think* the plaintiff fell, being variously estimated as being from two to six feet in length, but no one pretends to state the size of the hole at the bottom ; that the witness, Carroll, claims to have measured as being eight inches at the deepest point, some place in the thirty-foot wash. It may have been just large enough at the bottom for his rule to go down eight inches. Certain it is he could only find one place to get his rule down that deep and in other places it ran off to nothing and the traveled part of the walk, five feet, four inches in width at this point, was in perfect condition. A crushed-stone walk such as this could very readily have hole large enough to get a rule down eight inches and still be in a reasonably safe condition. It was in the power of the plaintiff to prove with some degree of certainty just what the condition of the sidewalk was at the time of his accident and just whereabouts on that sidewalk the accident occurred. But he failed to do so, and the Court very properly instructed the jury to find for the defendant.

It is *possible* that the depression in the sidewalk had something to do with the accident to the plaintiff ; it is equally possible that it did not. The jury could not say from the testi-

mony in this case that at the place where the plaintiff fell there was a depression of one inch even in the sidewalk, because neither the plaintiff nor his wife can say where the accident occurred.  *Taylor* v. *City of Yonkers*, 105 N. Y. 209; *Black's Proofs and Pleadings in Accident Cases*, p. 10, sec. 4.

Cities are not insurers of the safety of their streets and sidewalks, but they are only required to use reasonable care to keep them safe from obstructions or holes or other defects of such a character as to render them unsafe and hazardous to persons exercising due care.   2 *Dillon on Municipal Corporations*, 1039; *Elliott on Roads and Streets*, 2nd ed. 650.   The failure to light the streets of a city is not a defect, and a city is not liable therefor.  *Elliott on Roads and Streets*, 2nd ed. 663; 24 *A. & E. Ency. of Law*, 93.   In order to render a city liable for an injury caused by a defective street or sidewalk, there must not only be a defect or obstruction causing the injury, but it must also have due notice of said defect or the circumstances must be such that it ought to have had notice, in which case the law will imply notice.  *Burns* v. *Bradford City*, 137 Pa. St. 367; *Otto Township* v. *Wolf*, 106 Pa. St. 608; *Stoddard* v. *Winchester*, 154 Mass. 151; *Borough of Mauchchaunk* v. *Kline*, 100 Pa. St. 119.   And it may be stated in general terms, that a city cannot be held liable for an injury resulting from a defect in a sidewalk, unless sufficient time has intervened for the authorities to repair the defect after they had knowledge thereof, or ought by reasonable diligence to have acquired such knowledge.

In a number of cases notice has been presumed where obstructions or defects existed for several months.  *Purple* v. *Greenfield*, 138 Mass. 1–7; *Pettengill* v. *City of Yonkers*, 116 N. Y. 563; *Board of Commissioners* v. *Brown*, 89 Indiana, 52; *Lyman* v. *Hampshire*, 140 Mass. 313.   It is bound to take notice only of such defects as would be apparent to an ordinary observer in the exercise of reasonable care.  *Stanton* v. *Salem*, 145 Mass. 476; *Crook* v. *City of Anamosa*, 66 Iowa, 427-430; *Otto Township* v. *Wolf*, 106 Pa. St. 608.

According to the testimony of Carroll and Burke, two of

the witnesses produced on the part of the plaintiff, there had been a heavy storm just about the time of this alleged injury. From the testimony as presented by the record in this case, the only thing that has been established is the fact that the plaintiff *sprained his ankle* on the night of September 12th, 1898, by a fall on the sidewalk on Union avenue, but whether this accident was caused by any act or omission of duty on the part of the defendant or its agents, or what the condition of the sidewalk was at the place where the plaintiff fell, is at best, only a matter of conjecture ; for while the plaintiff has endeavored to account for his fall by the fact of a defect existing in this sidewalk, he nor his wife, nor any witness produced on their behalf can say just where he did fall, and it is as reasonable to assume that on a dark night like this, as described by the plaintiff and his wife, that the fall may have been produced by the plaintiff stepping off the edge of the walk at this point. Indeed, from the testimony of the plaintiff and his wife in their description of just what occurred at the time Mr. Keen fell, the only reasonable conclusion that can be drawn is, that he did step over the bank or *outside of the walk.*

PAGE, J., delivered the opinion of the Court.

The Court instructed the jury at the close of the plaintiff's testimony that there was no evidence legally sufficient to establish negligence on part of the defendant, and the correctness of this instruction constitutes the only subject of consideration in this case.

The suit was brought to recover damages for injuries alleged to have resulted from the negligence of the defendant. The evidence shows that the plaintiff was walking along the sidewalk of Union avenue in the city of Havre de Grace, an incorporated town, on a dark night, and while so doing fell into a hole and was injured. The immediate cause of his fall, the plaintiff claims, was the hole in the sidewalk into which he stepped, whereby he lost his balance and fell down an embankment. The law applicable to a case of this kind is clear. It

is not questioned that the city of Havre de Grace has power to grade and repair its streets and sidewalks (Act 1890, ch. 180); and when such is the case, the municipality is bound to maintain them in safe condition, and if it negligently fail so to do and thereby persons, acting without negligence on their part, are injured, it is liable to respond in damages for all injuries caused by its neglect. *M. & C. C. of Balt.* v. *Marriott,* 9 Md. 160; *Pendleton's case,* 15 Md. 17. Before, however, the municipality can be made liable in any case, it must be shown that it had actual or constructive notice of the bad condition of the street. As was well said in the case of *Todd* v. *City of Troy,* 61 N. Y. 509: "By constructive notice is meant such notice as the law imputes from the circumstances of the case. It is the duty of the municipal authorities to exercise an active vigilance over the streets; to see they are kept in a reasonably safe condition for public travel. They cannot fold their arms and shut their eyes and say they have no notice. After a street has been out of repair, so that the defect has become known and notorious to those traveling the street, and there has been full opportunity for the municipality through its agents charged with that duty, to learn of its existence and repair it, the law imputes to it notice and charges it with negligenece." If the defect be of such a character as not to be readily observable, express notice to the municipality must be shown. *Burns* v. *Bradford City,* 137 Pa. St. 367; *Cook* v. *The City of Anamosa,* 66 Iowa, 430. But if it be one which the proper officers either had knowledge of, or by the exercise of reasonable care and diligence might have had knowledge of, in time to have remedied it, so as to prevent the injury complained of, then the municipality is liable. *Stanton* v. *Salem,* 145 Mass. 479; *Geschwend* v. *Mellvale Borough,* 159 Pa. St. 257; *City of Atlanta* v. *Purdue,* 53 Ga. 607.

If therefore the evidence in this case shows that there was a defect in the sidewalk, of which the city had knowledge, or by the exercise of reasonable diligence ought to have known, and the plaintiff, while exercising proper care, stepped into the hole and was thereby injured, the municipality would be lia-

ble for such damages as ensued.    Further, that if there is any·
evidence from which the jury can reasonably so find, the
prayer we are now considering should not have been granted.
The prayer is to.the effect that there is no evidence in the case
to establish negligence on the part of the defendant.    Now
negligence is usually a question of fact for the jury ;. (*Lewis* v.
*B. & O. R. Co.*, 38 Md. 588); and it is only where the "facts
are undisputed or where only one reasonable inference can be
drawn from them," that the question is one of law for the
Court.    *B. & O. R. R. Co.* v. *Good*, 75 Md. 537.    Moreover a
case should not be withdrawn from the jury, if there be some
reasonable evidence of the existence of facts requisite to fix
liability upon the defendant.    *B. & O. R. Co.* v. *State*, 71 Md.
599.

In view of this statement of the law, it follows that if there
had gone to the jury evidence from which the jury could
reasonably find that there was a dangerous hole in the side-
walk, of which the defendant had or ought to have had
knowledge, and that such hole was the proximate cause of the
accident, the prayer should not have been granted.    Without
discussing the evidence on these points, it is sufficient to state
that divers witnesses testify to the existence and character of
the hole. Mrs. Suter said she had seen it there for three weeks
before the accident ; George Carroll that it had been there,
"maybe a couple of· weeks or so," and John Suter, "two or
three weeks."    There is further proof that the hole was in the
bed of the sidewalk, and not hidden or obscured by anything
from the full view of any one who passed along that part of the
walk.    There was also evidence that the plaintiff passing there on
a dark night, without knowledge of the defect, stepped into the
hole and "was thrown backward," and fell into the gutter, and
thereby was injured.    If the jury believed this testimony, they
would unquestionably be justified in finding that the municip-
ality was negligent, in not repairing the defect, if it, or its
proper officers or agents, knew of its existence ; and if they
did not have knowledge of its existence then they did not ex-
ercise that active vigilance which was incumbent on them, to

see that the sidewalk was kept in a reasonably safe condition for public travel.

As this is the only question presented by the record it follows that the judgment must be reversed and the cause remanded.

*Judgment reversed with costs to the appellant and new trial ordered.*