# COUNTY COMMISSIONERS OF WASHINGTON COUNTY

## *vs.*

## CLARENCE A. GAYLOR.

*Dangerous Highway—Overhanging Tree Limb—Liability of County—Exceptions.*

In an action against county commissioners on account of injury to one driving on a public road, caused by the fall of the limb of a tree, *held* that, in view of the evident age of the tree, the marks or evidences of decay thereon, and the position of the limb as overhanging the road, it was for the jury to determine whether the accident was due to the decayed condition of the limb or tree, and whether defendant knew, or by the exercise of reasonable care could have known, of the dangerous condition in time to have prevented the accident.   pp. 377, 378

The refusal to direct a verdict for defendant at the close of plaintiff's evidence is waived if defendant proceeds with his own evidence.                                                  p. 379

If no exception was taken to evidence at the time it was admitted, and it was not admitted subject to exceptions, an exception to a subsequent refusal to strike out all the testimony of that witness was too late.                              p. 379

A motion to strike out all the testimony of a witness is properly refused if some of such testimony is admissible.       p. 379

*Decided January 25th, 1922.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Action by Clarence A. Gaylor against The County Commissioners of Washington County, a corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Harry Brindle,* for the appellant.

*Omer T. Kaylor,* with whom was *Albert J. Long* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appellee, on the 7th of August, 1920, while driving his automobile on one of the public roads or highways of Washington County, was injured, and had his automobile damaged, by the falling of a limb or branch of a willow tree standing within or near the highway, and brought this suit against the County Commissioners of Washington County to recover for the injury and loss he sustained.

The record of the trial in the court below, which resulted in a verdict and judgment for the plaintiff for $863, contains three exceptions, one to the refusal of the court to strike out certain evidence, one to the rejection of defendant's prayer to withdraw the case from the jury at the close of the plaintiff's evidence, and the other to the action of the court at the conclusion of the evidence in granting the plaintiff's first and second prayers and rejecting defendant's first prayer.

The appellant admits that it is specially charged with the duty of keeping the public roads of the county in good repair and safe for the travel of the public (*Anne Arundel County* v. *Duvall,* 54 Md. 350; *Rowe* v. *Balto. & O. R. R. Co.,* 82 Md. 493; *Anne Arundel Co.* v. *Carr,* 111 Md. 150), and says in its brief: "It is submitted that the only way the appellant can be held liable for damages resulting from the accident is that the limb or the tree from which the limb fell was defective and in a dangerous condition, and that the County Commissioners, their agents or employees, charged with the duty of maintaining the roads and highways of the

County, in repair and in safe condition, had knowledge of such dangerous condition, or by the exercise of reasonable care could have known of said condition." The ground of the defendant's appeal is that there is no evidence in the case to show that the defendant knew of the dangerous condition of the limb or tree, or by the exercise of reasonable care could have known of such dangerous condition in time to have prevented the accident, and that there was, therefore, error in the granting of the plaintiff's first and second prayers, and in the rejection of its first prayer, by which it asked the court to direct a verdict for the defendant.

Evidence was offered at the trial tending to show that the tree in question was old, and stood from fifteen to twenty-six feet from the center of the highway; that at the distance of from six to seven feet from the ground the trunk of the tree "branched out" into three large limbs or branches, one of which, and the one that fell on the plaintiff's car, was about sixty or seventy feet high and extended across the highway; that this limb or branch was about twenty-four inches in diameter at the butt, and that at the point of the trunk where the limb gave way the trunk and limb were decayed; that near the crotch of the tree, or the point where the trunk of the tree divided and on the side of the trunk next to the highway there were several large knot holes, about six inchs in diameter, and other evidences of decay; that there were also two large cracks in the trunk of the tree, about six inches deep and extending from the crotch nearly to the ground, and that one of these cracks was on the side next to the road; that that condition of the tree had existed for some time before the accident, and that, at the time the limb gave way and fell across the highway, striking the plaintiff's automobile and causing the injury complained of, there was no storm and only a moderate wind.

The burden was on the plaintiff to show that the injury complained of was caused by the defendant's negligence, and the court below so instructed the jury. But with such evi-

dence in the case as we have referred to, it was clearly for the jury to determine whether the accident was due to the decayed condition of the limb or tree, and whether the defendant knew, or by the exercise of reasonable care could have known, of such dangerous condition in time to have prevented the accident.

In 1887, JUDGE MILLER had occasion to repeat the rule that is established in this State, and one that should be carefully observed by the trial court. He said, quoting from *Metropolitan Railway Co.* v. *Jackson,* 3 App. Cases, 197: "The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may be reasonably inferred; the jurors have to say whether from these facts, when submitted to them, negligence ought to be inferred, and it is of the greatest importance in the administration of justice that these separate functions should be maintained, and should be maintained distinct. It would be a serious inroad on the province of the jury, if, in a case where there are facts from which negligence may be reasonably inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever." *Phila., W. & B. R. R. Co.* v. *Fronk,* 67 Md. 339. Where a large branch or limb of an old tree, bearing such marks or evidences of decay and extending over a public highway in such a position as to render travel thereon dangerous, is allowed to remain in that position for a long time, the court would not be justified in instructing the jury that there is no evidence of negligence on the part of those specially charged with the duty of keeping the highway "safe for the travel of the public." *Keen* v. *Havre de Grace,* 93 Md. 34.

The defendant's first exception was to the refusal of the court below to direct a verdict for the defendant at the close of the plaintiff's evidence. The prayer was properly refused for the reasons we have stated in reference to its first prayer offered at the conclusion of the whole evidence, and the exception was, moreover, waived by the defendant by proceeding with its own evidence. *Balto. Car Wheel Co.* v. *Clark,* 131 Md. 513.

The second exception was to the refusal of the court to strike out the testimony of the witness Harry Fleigh. As no exception was taken to this evidence at the time it was admitted, and it was not admitted subject to exceptions, the exception was too late. *North Bros.* v. *Mallory,* 94 Md. 305. Moreover, the motion applied to all of the testimony of the witness, some of which was clearly admissible for the purpose of showing the condition of the plaintiff's car after the accident, and the motion was, therefore, too general. *United Rys. Co.* v. *Wehr,* 103 Md. 323; *Balto. & O. R. Co.* v. *Whitehill,* 104 Md. 295.

The only objection urged to plaintiff's first and second prayers is the one raised by defendant's first prayer, which, for the reasons we have stated, was properly rejected, and as we find no error in the rulings of the court below. the judgment will be affirmed.

*Judgment affirmed, with costs.*