## PRESIDENT & COMMISSIONERS OF THE TOWN OF PRINCESS ANNE ET AL. *v.* KELLY

[No. 180, October Term, 1951.]

*Decided June 12, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Harry C. Dashiell* and *Ernest C. Clark* for the appellant.

*I. Duke Avnet* and *J. Edgar Harvey*, with whom was *Harry H. Cropper* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Wicomico County, in a personal injury case, entered upon the verdict of a jury in favor of the appellee. The appellant contends that the court erred in refusing a motion for directed verdict at the conclusion of the whole case and in refusing to grant a motion for judgment N. O. V.

The appellee, fifty-seven years of age, was injured when she fell and broke her arm on a brick sidewalk in Princess Anne, on October 30, 1949 at about 10 P.M. on a dark, clear night. She lived in Crisfield, but on the night in question had attended a Halloween party at the fire house on Prince William Street, accompanied by her son and daughter-in-law. He had parked his automobile on the west side of Beechwood Street about forty-five feet south of its intersection with Prince William Street. Other automobiles were parked on both sides of Beechwood Street. When they left the fire house to return to the automobile, the appellee was walking with her daughter-in-law, the appellee being nearest to the curb. She had never been on Beechwood Street before. As she approached the automobile and was alongside of it, she testified that she stepped into a "deep hole", which caused her to fall. The appellant argues that her characterization of the depression is without significance, but there can be no doubt that there was a depression at that point. The appellant itself offered testimony to show, by an instrument survey, that there was a depression of an average depth of one-half inch, and a maximum depth of one and three-quarter inches below the level of the rest of the sidewalk. The depression extended over an area of about three square feet next to the curb, where thirteen and one-half bricks were missing. The bricks had been removed by a plumber who dug up the street and sidewalk to repair a water or

sewer connection at a time variously estimated at from six to eight years, or from eight to ten years before the accident. Instead of replacing the bricks he simply put back the dirt which had settled or eroded below the surrounding level. The existence of the depression was well known to the neighbors and the town authorities. The Chief of Police testified that he knew about the missing bricks for at least seven years before the accident. There was testimony, however, that there had been no complaints, and no record of any previous accident to persons using the sidewalk.

The appellant also produced testimony that the street was well lighted, although the witnesses for the appellee testified it was dark at the scene of the accident and "shaded". There was a street light located near the intersection on the southeast corner of Beechwood Street and Prince William Street, the light being twenty-two and one-half feet above the street. Beechwood Street is thirty-five feet wide. On the night in question, because of the festivities, a 250 candlepower bulb had been substituted for the usual light. Another street light was located about 180 feet south of the intersection. It was shown, however, that visibility on the sidewalk would be affected by the shadows cast by the parked automobiles. Apparently there were no street lights on the west side of Beechwood Street.

The appellant chiefly contends that there was no legally sufficient evidence of primary negligence. It argues that the depression was slight, that the town is not an insurer, and that the sidewalk was in a reasonably safe condition, as evidenced by the absence of any record of prior accidents. It relies chiefly upon the cases of *Leonard v. Lee,* 191 Md. 426, 62 A. 2d 259, and *Cordish v. Bloom,* 138 Md. 81, 113 A. 578. The fall in the *Leonard* case was not due to a depression but to slipping on a cement sidewalk which was in good condition, though somewhat smooth. In the *Cordish* case the plaintiff caught his foot in a space between a cellar door and its iron frame, and the case was allowed to go to the

jury, although the court remarked that if he had merely slipped, the city would not be responsible. In this connection the court said, 138 Md. at page 84, 113 A. at page 579, quoted in the *Leonard* case, 191 Md. at page 432, 62 A. 2d at page 262: "While a municipality must generally respond in damages for injuries caused by its negligence, acts or omissions, especially in connection with the public streets and sidewalks under its care and control, there must be a limit to such liability, and it cannot be held responsible for injuries caused by every depression, difference in grade, or uneveness in sidewalks. No city, town, or village could maintain a perfectly level or even surface in all of its sidewalks without burdening the property owners with unreasonable and unnecessary taxation. No resident or visitor of a city, town or village has the right to expect such conditions. Pavements will in time become irregular and uneven from roots of trees, heavy rains and snows or other causes."

In a number of Maryland cases relatively slight depressions or projections have been held to furnish a basis of liability. *Keen v. City of Havre De Grace,* 93 Md. 34, 48 A. 444; *Annapolis v. Stallings,* 125 Md. 343, 93 A. 974; *Burke v. Mayor & City Council of Baltimore,* 127 Md. 554, 96 A. 693; *Mayor & City Council of Baltimore v. Bassett,* 132 Md. 427, 104 A. 39; *Vannort v. Comm'rs of Chestertown,* 132 Md. 685, 104 A. 113; *County Comm'rs of Baltimore Co. v. Collins,* 158 Md. 335, 148 A. 242; *Mayor & City Council of Baltimore v. Grossfeld,* 173 Md. 197, 195 A. 554. In the *Vannort* case the depression was caused by removal of bricks to lay a pipe and the earth had been put back in the place excavated, but the bricks had not been relaid, and the ground had apparently settled to a depth of about two inches. The court said, 132 Md. at page 687, 104 A. at page 114: "the defect was such that, if the defendant knew, or by the exercise of ordinary care could have known of it in time to have remedied it before the

accident, the municipality was liable \* \* \* unless the plaintiff was guilty of contributory negligence".

The cases in other states differ widely on what is considered a dangerous condition and what is merely a trivial defect. See note 119 A. L. R. 161. But as we stated in *Leonard v. Lee, supra,* 119 Md. at page 435, 62 A. 2d at page 263: "The better considered authorities, however, hold that, on the facts in each case, the court should determine whether there is sufficient evidence of the gravity of the alleged defects to permit a jury to consider the question of negligence." Clearly the matter cannot be reduced to a mathematical formula. Many of the cases stress the burden that would be imposed on a municipality if it were required to keep its sidewalks in a perfectly level condition, or to replace sidewalks as soon as they show any signs of wear. On the other hand it would seem that an obligation to replace a portion of the pavement that has been actually removed would not impose an unreasonable burden.

In the instant case there is no doubt that the town, under its charter, had the power and duty to maintain and repair the sidewalks in reasonably safe condition, nor is there any doubt that it had actual or constructive notice of the defect. Cf. *Neuenschwander v. Washington Suburban Sanitary Commission,* 187 Md. 67, 72, 48 A. 2d 593. The appellant points out that in several of the cases cited evidence of prior accidents was admitted, whereas in the instant case there was no such evidence. Evidence of prior accidents has been held to be admissible in Maryland for its bearing on the question of notice, rather than to show that the condition was in fact dangerous. *Cordish v. Bloom, supra,* 138 Md. at page 93, 113 A. at page 583; *Wise v. Ackerman,* 76 Md. 375, 25 A. 424. But see *Morgenstern v. Sheer,* 145 Md. 208, 222, 125 A. 790, and note 65 A. L. R. 380. In any event, it is not essential to a plaintiff's case that prior accidents be shown to establish liability, nor is a defendant entitled to a directed verdict upon showing an absence of prior accidents, if the condition is potentially dangerous

and has existed for a sufficient length of time to charge the municipality with notice. The fact that the scene of the accident was illuminated by street lights would not necessarily excuse the municipality for its failure to remedy a dangerous condition, nor could the mere presence of street lights constitute a warning of such condition. The existence of lights would seem to be more relevant to the question of contributory negligence than primary negligence.

In regard to contributory negligence, we think it is sufficient to note that however strong the light at the corner, forty-five feet north and on the opposite side of Beechwood Street, there was evidence from which the jury could find that the depression was not plainly visible in the shadow of the car. Even in daylight it would doubtless be difficult to detect the difference in grade and texture between the dirt and the surrounding bricks. In several of the cases cited the fall occurred in daylight, but it was nevertheless held that contributory negligence was a question for the jury. *Baltimore v. Bassett, supra; Cordish v. Bloom, supra.* Under the circumstances and the authorities cited we think the case was properly submitted to the jury.

*Judgment affirmed, with costs.*