# MARTIN *v.* MAYOR AND COUNCIL OF ROCKVILLE

[No. 354, September Term, 1969.]

*Decided May 11, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Charles W. Bell,* with whom were *John T. Bell* and *Bell & Bell* on the brief, for appellant.

*Jacob S. Levin* for appellee.

SINGLEY, J., delivered the opinion of the Court.

Beatrice Martin, the plaintiff below and the appellant here, fell and broke her left foot on 9 February 1968 near the intersection of Washington Street and Dawson Avenue in the City of Rockville. The accident occurred on a "dry day" when Mrs. Martin, preparing to cross Washington Street, stepped off the curb onto the curb apron which formed the gutter, and apparently caught her foot in a small depression at a point where the curb apron was broken. From the color photograph introduced as an exhibit, the break in the concrete would appear to have been approximately 4½ inches wide at its broadest point, about 7 inches long and no more than 1½ inches deep.

Mrs. Martin brought suit in the Circuit Court for Montgomery County against the Mayor and Council of Rockville (the City) averring that her injury resulted from the City's negligence in permitting this allegedly unsafe condition to exist and in failing to repair it. At the instance of the plaintiff, the case was removed to the Circuit Court for Kent County, where it was tried to a jury, which returned a verdict of $310 in Mrs. Martin's favor. The City moved for a judgment n.o.v.; Mrs. Martin, for an additur or alternatively for a new trial. From an order granting the City's motion, and denying Mrs. Martin's, this appeal was taken.

Mrs. Martin grounds her case on two contentions. First, she argues that the court below erred in granting the motion for a judgment n.o.v. because the City, although it moved for a directed verdict at the end of the plaintiff's case, made no motion for a directed verdict "at the close of all the evidence" as required by Rule 563 a 1. See also, *Glover v. Saunders*, 252 Md. 102, 249 A. 2d 156 (1969).

A quick answer to this contention is that Mrs. Martin is mistaken. The record before us contains the handwritten motion for directed verdict filed by the City. At the

foot of the motion in the handwriting of and initialled by Judge (Rasin, J.) is the following notation:

"Reserved end of Pl[aintiff]'s case"
"Reserved end of entire case."

The docket entries also reflect the offering and reoffering of the motion and the reservation of the ruling.

Rule 563 a 2 provides, "Where the court reserves decision on a motion for a directed verdict, and submits the case to the jury, that action by the court operates as a motion for judgment [n.o.v.] under this Rule."

Mrs. Martin's second assignment of error is that in granting the motion for judgment n.o.v., the court below failed to resolve all conflicts in the evidence in her favor and to assume the truth of all evidence and such inferences as may be deduced therefrom which tend to support the right of the plaintiff to recover, citing *Hogan v. Q.T. Corp.*, 230 Md. 69, 185 A. 2d 491 (1962) to which we might add *Harrison v. Mayor & C.C. of Baltimore*, 247 Md. 583, 234 A. 2d 135 (1967) and *Wheeler Transp. Co. v. Katzoff*, 242 Md. 431, 219 A. 2d 250 (1966).

This argument misses the point at issue. At the conclusion of the plaintiff's case (the City had offered no evidence) Judge Rasin fully charged the jury on burden of proof, negligence, contributory negligence, constructive notice on the part of the City, measure of damages and triviality. As to the latter, he said:

"Now the law also does not make a municipality responsible for trivial defects and that will be argued to you and it's for you ladies and gentlemen to determine whether or not this defect was a trivial defect or was more than a trivial defect for the plaintiff to be compensated. If the jury believes from the evidence that the depression located at the intersection in question consisted of a trivial defect and not a dangerous condition and even if you find that the municipality had constructive notice of such con-

dition and further find that the injury complained of was caused by this defect, if you would still find that it was a trivial defect then your verdict must be for the defendant, the city of Rockville."

Neither side excepted to the charge.

In the memorandum which he filed in connection with the granting of the motion for judgment n.o.v., Judge Rasin said:

"In this case the Plaintiff alleged that she was injured in stepping from a sidewalk into a bed of a street in the City of Rockville. She claimed that the municipality was negligent in maintaining the streets and sidewalks. At the argument on the motion for judgment n.o.v. the Court considered two questions. First, did the City of Rockville have constructive notice of a defect in its street at the point where pedestrians would cross from one side to the other? There was no question of actual notice because the Plaintiff admitted that the City had no actual notice of the defect. The second question was whether the defect was so trivial that the City should not be held liable for any injury that might result from the use of the street at that point. The Court decided the question on this latter point and did not reach the question of whether the City had constructive notice of the defect. It would appear, however, that the two questions are closely related because if the defect is so trivial then it should follow that the City should not be charged with constructive notice. Photographs of the defect were admitted into evidence. The photographs show an erosion of concrete in the gutter portion of the curb. One of the witnesses testified that this condition would arise after one or two years of winter weather.

"The Court would conclude, therefore, that it

was a gradual deterioration which resulted in the defect. Although there was testimony that as of the date of the trial the defect had been corrected by patching with blacktop, the Court concluded that the defect on the date of the injury was too trivial to place responsibility on the municipality for any injury that may result from use of the streets with the slight defect which was described and shown in the evidence. The Court believes that pedestrians in the exercise of due care for their own safety must anticipate defects of the nature described in this suit. To hold a municipality liable on the evidence in this case would make the municipality an insurer to which standard a municipality is not held under the laws of this State."

What this means to us is that the trial court quite properly tested the jury's verdict against the legal question of triviality, which it had reserved in its rulings on the City's motions for directed verdicts, and concluded that the verdict could not be supported as a matter of law.

We believe that Judge Rasin was correct when he concluded that our predecessors have held that slightly irregular defects do not subject municipalities to liability for negligence. In *Leonard v. Lee,* 191 Md. 426, 62 A. 2d 259 (1948) the plaintiff slipped on a portion of the sidewalk which had worn smooth and broke her hip. This Court affirmed the entry of a directed verdict in favor of the defendant Baltimore County. It should be emphasized that this was not a temporary slippery condition due to ice or rain; the sidewalk had simply been worn down over a period of time. The Court said:

"* * * The duty owed by a municipal corporation to those lawfully using the sidewalks under its control is not that of an insurer of their safe passage. Where there are dangerous obstructions or depressions of which the municipal authorities have actual notice or which have ex-

isted long enough to give constructive notice, a municipality is liable if a person is injured because of such condition. * * * 'While a municipality must generally respond in damages for injuries caused by its negligence, acts or omissions, especially in connection with the public streets and sidewalks under its care and control, there must be a limit to such liability, and it cannot be held responsible for injuries caused by every depression, difference in grade, or unevenness in sidewalks. No city, town, or village could maintain a perfectly level or even surface in all of its sidewalks without burdening the property owners with unreasonable and unnecessary taxation. No resident or visitor of a city, town or village has the right to expect such conditions. Pavements will in time become irregular and uneven from roots of trees, heavy rains and snows or other causes.' [quoting Cordish v. Bloom, 138 Md. 81, 84-85, 113 A.578 (1921)]." 191 Md. at 431-33.

The Court went on to find that the defect in the sidewalk was trivial and that under the circumstances, the County had not been negligent in allowing the condition to exist. Thus constructive notice is equated to triviality in the holding that the municipality is not chargeable with constructive notice if the defect is so minor as to make its discovery unlikely.

In *Neuenschwander v. Washington Suburban Sanitary Comm'n,* 187 Md. 67, 48 A. 2d 593 (1946), the plaintiff fell on a loose manhole cover. The Court never reached the question of constructive notice or triviality but in dictum Judge Delaplaine said: "Constructive notice is such notice as the law imputes from the circumstances of the particular case." 187 Md. at 72. In the case before us a minor deterioration in a curb apron can scarcely justify a holding that the City was chargeable with constructive notice as a matter of law. The appellant has referred us

to no case, and we have found none, where under comparable facts, the negligence of a municipality was held to be a jury question.

In 19 McQuillin, *Municipal Corporations* (1967 Rev. Ed.) § 54.80 c the triviality doctrine is discussed.

> "Not every defect in a sidewalk is actionable. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable."
>
> * * *
>
> "Cases holding that particular alleged defects or obstructions in or on sidewalks were not actionable because they were slight, minor or inconsequential have related to bricks which loosened; * * * cement blocks which had broken; * * * holes; * * *." 19 McQuillin at 194-98.

In *Town of Princess Anne v. Kelly*, 200 Md. 268, 89 A. 2d 594 (1952) the plaintiff fell and broke her arm on a brick sidewalk in Princess Anne. The depression was characterized in this Court's opinion as a "deep hole." The jury had returned a verdict for the plaintiff and this Court upheld the trial court's refusal to grant a judgment n.o.v. for the defendant. Since the municipality in that case had actual notice of the defect, the case is inapposite. However, Judge Henderson discussed the triviality doctrine and noted that some previous Maryland cases had allowed relatively slight depressions to furnish a basis of liability. The Court, quoting *Leonard v. Lee, supra*, then said:

> " 'The better considered authorities, however, hold that, on the facts in each case, *the court* should determine whether there is sufficient evidence of the gravity of the alleged defects to permit a jury to consider the question of negligence.' Clearly the matter cannot be reduced to a mathematical formula. Many of the cases stress the

burden that would be imposed on a municipality if it were required to keep its sidewalks in a perfectly level condition, or to replace sidewalks as soon as they show any signs of wear." 200 Md. at 273 (emphasis supplied.)

In *Commissioners of Delmar v. Venables,* 125 Md. 471, 94 A. 89 (1915) the plaintiff was injured when his cart ran over a stump six or seven inches above the road level. There was evidence that the municipality had *actual notice* of the defect, 125 Md. at 477. Thus submission of the case to the jury was proper. In *Annapolis v. Stallings,* 125 Md. 343, 93 A. 974 (1915) the plaintiff fell in what was described as a "considerable hole" which had been permitted to exist for several months. In *Keen v. Mayor & C.C. of Havre de Grace,* 93 Md. 34, 48 A. 444 (1901) this Court reversed a directed verdict which had been entered in favor of the town of Havre de Grace. The plaintiff had fallen in a hole in the sidewalk. The dimensions of the depression do not appear in the opinion, but in the argument of the *defendant's* counsel which is reported with the case, the hole is described as being eight inches deep. The plaintiff had called witnesses who testified that they had seen the hole and the Court concluded that constructive notice could be imputed to the town if the defect was a matter of common knowledge to the townspeople. The Court pointed out that for the municipality to be held liable, the defect must be "known and notorious to those traveling the street" and the City through its agents must be presumed to have had a full opportunity to discover and repair it. 93 Md. at 39.

The factual pattern found in the cases just described was wholly absent from the case at bar. The photograph introduced by Mrs. Martin showed deterioration, possibly, as her expert testified, caused by weather, which might have gone on for "one or two years." An operator of one of the City's street sweepers, also called by Mrs. Martin, testified that he had swept Washington Street and Dawson Avenue for a year prior to Mrs. Martin's

accident, and had not reported the defect, which he would have been required to do had he observed it.

We think that the court below reached the right result. As our predecessors recognized in *Cordish v. Bloom, supra,* a municipality's liability must be limited so that it cannot be held responsible for every depression or irregularity. To hold it answerable for every difference in grade or uneven surface would impose an almost unsupportable burden on both the municipality and its taxpayers.

*Judgment affirmed, costs to be*
*paid by appellant.*